[No. G001516. Fourth Dist., Div. Three. June 28, 1985.]

TYLER TROUPE, Plaintiff and Appellant, v.
DONNA COURTNEY, as Executrix, etc., et al.,
Defendants and Respondents.

COUNSEL

Robert E. Strauss for Plaintiff and Appellant.

Daigneault, Abel & Daigneault and Taylor J. Daigneault for Defendants and Respondents.

OPINION

**SONENSHINE, J.**—Plaintiff Tyler Troupe appeals from an order dismissing his action for failing to bring it to trial within two years after filing the complaint. (Code Civ. Proc., § 583, subd. (a).)[1] He contends the trial court erred in denying his motion to advance the matter for trial and granting the defendants' motion to dismiss. Specifically, he argues the court failed to follow the guidelines governing discretionary dismissals contained in the California Rules of Court, and further erred in dismissing the action without a showing of prejudice.

Troupe, Lee Courtney, Sr., and Roger and Don Eickoff formed a partnership in May of 1978 to operate a waste burning service. The Eickoffs

---

[1]Section 583, subdivision (a) of the Code of Civil Procedure has subsequently been repealed and replaced by Code of Civil Procedure section 583.110 et seq. All statutory references are to the Code of Civil Procedure unless otherwise noted.

contributed capital, Courtney contributed personal services for the daily operation of the business and Troupe contributed a mobile incinerator, which was stored on the Eickoffs' property. The business was abandoned in November of the same year and Lee Courtney, Sr., died soon thereafter. Troupe purportedly purchased the incinerator but was unsuccessful in taking possession and filed an action to recover the incinerator as well as money damages and an accounting.

The complaint was filed June 1, 1979. Troupe's application for a writ of possession was denied late in June. All defendants had been served and had, by the end of December, filed answers to the complaint. In April of 1982, Troupe again sought a writ of possession which was again denied. Troupe filed an "At Issue Memorandum" on January 3, 1983; the status conference was held on April 5, 1983. Troupe was represented by an attorney who was not his attorney of record. The same attorney also appeared with Troupe at the mandatory settlement conference on November 9, 1983. The trial court imposed sanctions because Troupe's attorney failed to personally appear and deleted the case from the civil active list.

A second "At Issue Memorandum" was filed by Troupe on February 21, 1984. The next month, because he faced mandatory dismissal, Troupe filed a motion to advance the matter for trial.[2] The Courtneys' motion to dismiss pursuant to section 583 was granted on April 5, 1984, and Troupe's motion to advance was denied.

## I

Rule 373(e) of the California Rules of Court mandates that the court "shall" consider certain factors in ruling on a 583 motion. Troupe complains the court failed to follow that rule. But, it has recently been observed the court need not make express findings on the factors delineated in the Rules of Court. (See *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563 [194 Cal.Rptr. 773, 669 P.2d 9], discussing rule 373's predecessor, Cal. Rules of Court, rule 203.5.) "The mere fact that the court did not explicitly refer to [the rule], when the statute contains no such requirement does not support the conclusion that it was ignored." (*Ibid.*)

## II

*Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019 [213 Cal.Rptr. 712], recognizes the abundance of confusion among our appellate

---

[2]The trial had to commence by June 1, 1984.

courts in reviewing 583 dismissals. *Hurtado* will be remembered for its discussion of the "abuse of discretion" standard, but it is as significant in clarifying whether dismissal is appropriate in the absence of any showing of prejudice.

*Hurtado* evaluates two schools of thought on the purpose of dismissals for lack of diligent prosecution. One is to prevent prejudice to the defendant, because delays frequently result in lost or misplaced evidence and faded memories. (*Id.,* at p. 1028, citing *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].) Less significant is the philosophy promoting speed and efficiency in the administration of justice, ostensibly for the benefit of the general public as well as individual parties. (*Hurtado* v. *Statewide Home Loan Co., supra,* 167 Cal.App.3d at pp. 1028-1029, citing *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 400 [153 Cal.Rptr. 912] and *Innovest, Inc.* v. *Bruckner* (1981) 122 Cal.App.3d 594, 599 [176 Cal.Rptr. 90].) As *Hurtado* concludes, such a philosophy is better served by imposing sanctions for too much activity, rather than too little.

■ Rationally then, the fundamental purpose of dismissals for lack of diligent prosecution lies in preventing injustices to unsuspecting defendants who may not be able to adequately defend themselves. (*Hurtado* v. *Statewide Home Loan Co., supra,* 167 Cal.App.3d at p. 1029.) Therefore, some showing of prejudice is required before dismissal is considered as the appropriate remedy for dilatory delay. (See *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193].)

■ Here, because the defendants failed to prove any harm from the alleged wrong, the dismissal did nothing to prevent injustice. The only claimed prejudice involved the attorney's nonappearance at the settlement conference. Yet it was not argued this did any damage to defendants' case; they merely assert it was inconvenient and unfair. Such a claim falls far short of the prejudice required to justify depriving a litigant of a trial on the merits.

It is particularly significant to note what this case does not involve. The defendants were fully aware of Troupe's action against them, literally from its inception. They were on notice and could have adequately preserved any evidence needed for their defense. ■ The defendants do not even allege any difficulty in presenting their case. Instead, they rely on cases which impose dismissal as a sanction because of plaintiff's inability to justify the delay. (See, e.g., *Brown* v. *Pacific Tel. & Tel. Co.* (1980) 105 Cal.App.3d 482 [164 Cal.Rptr. 445].) We decline to follow that line of authority. Dismissal without any showing of prejudice serves no valid purpose.

## III

▮ Troupe argues *Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068, 1071 [115 Cal.Rptr. 666], requires we find the court erred in denying his motion to advance and specially set the matter for trial. Here, as in *Vogelsang,* plaintiff expressly sought the special setting to avoid the imminent mandatory dismissal if the trial were not begun within five years of the filing of the complaint. Troupe's motion was calendared 55 days before the complaint's 5-year anniversary; Vogelsang's motion was heard 46 days before the 5-year anniversary. As pointed out in *Vogelsang,* adequate time remained to bring the case to trial.

Even so, the amount of time left is not the determinative factor. "In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendant resulting from the delay." (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d 554, 561, quoting from *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, at p. 260 [10 Cal.Rptr. 314].) Considering all of those factors here, we conclude the lack of any prejudice mandates the granting of Troupe's motion to specially set the matter for trial.

▮ The same factors are relevant in considering the dismissal motion and motion to specially set. (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at pp. 560-561.) Our review of each is limited to the question of whether the trial court abused its discretion. (*Id.,* at p. 558; but see *Hurtado* v. *Statewide Home Loan Co., supra,* 167 Cal.App.3d at p. 1027.) ▮ In the absence of some prejudice to defendants we conclude the trial court did abuse its discretion in ordering the dismissal and refusing Troupe's request the matter be specially set for trial.

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

Trotter, P. J., and Crosby, J., concurred.