[Civ. No. B008459. Second Dist., Div. Five. Jan. 31, 1986.]

CYNTHIA A. HILBURGER et al., Plaintiffs and Appellants, v.
JOHN MADSEN et al., Defendants and Respondents.

**COUNSEL**

Wallace J. Manley for Plaintiffs and Appellants.

Patterson, Ritner, Lockwood, Zanghi & Gartner, Jeralyn Keller, Thomas P. Higgins, Bonne, Jones, Bridges, Mueller & O'Keefe and Lori S. Lippman for Defendants and Respondents.

## OPINION

**HASTINGS, J.**—Plaintiffs/appellants Cynthia A. Hilburger and Thomas Hilburger (appellants) brought a medical malpractice suit against defendants/respondents John Madsen, M.D. (Madsen), Francis M. Leake, M.D. and Francis M. Leake, M.D., a medical corporation (both as Leake). Madsen, joined by Leake, moved to dismiss for failure to prosecute (Code Civ. Proc., § 583, subd. (a));[1] the motion was granted. Leake made a motion for summary judgment which was granted. Appellants appeal the subsequent order of dismissal of the suit against Madsen and Leake as well as the summary judgment in favor of Leake.

This case arises out of injuries sustained as a result of the stillborn birth of appellants' full-term baby. The delivery by Caesarean section occurred on September 3, 1980. On February 4, 1981, appellants consulted with an attorney concerning a possible suit against Madsen and Leake. On May 14, 1981, the attorney sent a letter to Madsen and Leake advising them of appellants' possible suit and seeking information regarding respondents' insurance coverage. Receiving no answer to this letter, appellants sent a "Notice of Intention to File Suit" on August 24, 1981. It stated: "This is the 90 day notice pursuant to law."[2] Appellants' subsequent complaint was filed on November 25, 1981.

Madsen sought a dismissal under the provisions of then extant section 583, subdivision (a).[3] In support of his motion to dismiss, Madsen submitted his own declaration and that of his attorney. In combination their declarations stated that Madsen had been served on February 22, 1984, two years and three months subsequent to the filing of the complaint and three and a half years after the alleged malpractice; a verified answer to the complaint was filed on April 9, 1984; a request for statement of damages was served on appellants on April 9, 1984, and, as of May 18, 1984, no response had been received; he had been severely prejudiced by this delay in that he had been deprived of the opportunity to prepare a viable defense as the witnesses might no longer be identifiable or located, and even if found the passage of time would have clouded their memories; he had been precluded from preserving available evidence or deposing plaintiffs while their injuries were

---

[1] All statutory references are to the Code of Civil Procedure.

[2] This notice is required by section 364, whenever suit is contemplated against a private health care provider.

[3] Former section 583, subdivision (a), was repealed in 1984. The substance of its provisions are now found in section 583.110 et seq. At the time of the judgment of dismissal, former section 583 was in effect and is the section applicable to this case.

Section 583, subdivision (a), in pertinent part, provided, "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. . . ."

current and verifiable; this difficulty had been exacerbated by his having moved to Watsonville, California, from where it would be "extremely difficult for him to participate in his own defense"; pertinent medical records were not at his present office; there had been no settlement negotiations or discovery; and that it was appellant's burden to show good cause for delay.

In support of this motion, Leake submitted a declaration by his attorney, which cursorily repeated the allegations of prejudice stated in Madsen's moving papers.

Two days before the hearing on the motion, appellants countered with a declaration from their attorney, Wallace Manley (Manley). It stated that suit was filed on November 25, 1981, and service upon Leake was November 18, 1983, and was attempted without success upon Madsen in Los Angeles on November 18, 1983, and in Monterey County on November 28, 1983. Madsen was finally located in Santa Cruz County and served on February 24, 1984; both Leake and Madsen were granted extensions of time to answer the complaint; an at-issue memorandum was served by mail on May 16, 1984 and filed May 17, 1984, with a counter at-issue memorandum served on May 25, 1984; interrogatories were mailed to both Madsen and Leake on May 24, 1984; Madsen's interrogatories were answered on July 2, 1984, after an extension of time to answer were granted. Furthermore, Manley declared that in early January he received a letter dated January 7, 1982, from a claims service representative from Mutual Protection Trust, the insurance carrier for Madsen and Leake. It advised Manley that an investigation was being undertaken and requested the signing of medical authorization forms. An authorization form was subsequently executed and sent to the claims service representative on March 18, 1982. Between March 11, 1982 and August 6, 1982, Manley had knowledge that an investigation was being conducted by the insurance carrier; he had several phone conversations with the insurance representative regarding appellants' physical and mental conditions; on August 6, 1982, Manley and the representative met in Manley's office. Though no specific offer was made, a possible settlement was discussed and the representative indicated that the Trust would consider a reasonable amount. Discussions regarding settlement continued into 1983. Sometime in August 1982, Manley was advised by the claims representative that the Trust had obtained the medical records involved and was continuing its investigations on behalf of both Leake and Madsen. Manley asserted that service of Leake and Madsen was delayed to allow the insurance carrier to complete its investigation and to attempt settlement without trial. Finally, Manley stated that the press of practice affected his ability to process matters efficiently, but neither Madsen nor Leake had suffered prejudice because the insurance carrier had been informed of the

suit and involved in investigation six weeks subsequent to the complaint being filed.

The court granted the dismissal, citing the facts set forth in California Rules of Court, rule 373(e).[4]

Leake moved for summary judgment. He argued that appellants' complaint was barred by the one year statute of limitations imposed by section 340.5,[5] since the cause of action accrued when the child was delivered, September 3, 1980. He urged that the May 14, 1981 letter was appellants' "Notice of Intention to File"; and since it was not within the last 90 days of the one-year period, they were not entitled to an extension of the statute, as provided by section 364, subdivision (d). Appellants countered that the "Notice of Intention to File" served on August 24, 1981, was within the last 90 days of the statutory period; therefore, section 364, subdivision (d) applied. They assert that the filing of the complaint on November 25, 1981, "under the circumstances" should be considered timely. In Mrs. Hillburger's declaration, appellants also argued that the cause of action did not accrue until January or February 1981 when appellants recovered sufficiently from the trauma of their loss to be able to meet with their attorney. The court accepted Leake's argument and granted the motion for summary judgment on the ground that the one year statute of limitations imposed by section 340.5 barred the suit.

DISCUSSION

*The Section 583, Subdivision (a) Dismissal.* In the recent case of *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1021 [213

---

[4]California Rules of Court, rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

[5]Section 340.5, in pertinent part, provides: "In an action for injury . . . against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. . . ."

Cal.Rptr. 712], the opinion notes "[t]he abundant precedent generated by section 583(a)" decisions that have created different policy considerations confusing to the trial courts. Dismissals have often been affirmed based on the principal theory that the section was designed to prevent unreasonable delays in litigation, a concept that grants considerable discretion to the trial courts. On the other hand, dismissals have frequently been reversed because some appellate courts place more emphasis on the rule that favors resolution of a case on its merits when there has been some showing of excusable delay or activity in prosecuting the action. *Hurtado* all but discards the unreasonable delay concept[6] and determines that the basic reason for the section was to prevent prejudice to the defendant. The opinion, after stating its reasons disfavoring the unreasonable delay theory, states, "We are thus left with 'prejudice to the defendant' as the major rationale underlying the two-year dismissal statute." Since *Hurtado,* several appellate decisions have followed suit and have reversed dismissals where there had been delay in the prosecution (although some pretrial activity had occurred) but defendant has not been prejudiced. (See *Troupe* v. *Courtney* (1985) 169 Cal.App.3d 930 [215 Cal.Rptr. 703].)

In our present case, if we follow the reasoning in *Hurtado,* reversal is quite apparent. The insurance carrier for both Madsen and Leake was fully informed of the suit at an early date, had investigated appellant's allegations and participated in settlement negotiations. Nothing in Madsen's or Leake's declarations rebut this fact. Both Leake's and Madsen's declarations offer general and well-worn allusions to prejudice (see *United Farm Workers National Union* v. *International Brotherhood Of Teamsters* (1978) 87 Cal.App.3d 225, 236 [150 Cal.Rptr. 761]), but the involvement of the insurance carrier and the early notices of intentions to sue negates such a claim. (See *Troupe* v. *Courtney, supra,* 169 Cal.App.3d 930.) Furthermore, there was no finding by the court of prejudice. The court's minute order referred solely to the factors listed in California Rules of Court, rule 373(e), quoted in footnote four, *supra.* Rule 373(e) fails to touch upon the prejudice suffered by a defendant.

The latest Supreme Court case on the subject, *Blank* v. *Kirwan* (1985) 39 Cal.3d 311 [216 Cal.Rptr. 718, 703 P.2d 58], cited to us by

---

[6]The opinion states (p. 1029): "But we are unable to agree that section 583 was designed to deal with this problem. In the typical discretionary dismissal case under section 583, the plaintiff has done *nothing* for a significant period of time. Almost by definition, such a plaintiff has not been consuming scarce judicial resources: he has not been filing papers; he has not been calendaring hearings on the motions. Were the Legislature to enact a statute requiring the dismissal of cases in which plaintiffs brought frivolous motions, such a statute would arguably find support in the 'expedited administration of justice' rationale. Such a rationale, however, cannot reasonably be said to support section 583(a)." (Italics in original.)

respondents after oral argument, places *Hurtado* in a different light. The opinion states (p. 332): "Plaintiff makes two further contentions. First, he claims, defendants have not been prejudiced by his failure to prosecute. But even if they have not, '[t]he legislative policy underlying section 583 is not grounded solely in prejudice caused by delay to a defendant. It's purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' [Citations.]" It is noteworthy that *Kirwan* was filed approximately three months after *Hurtado* and two months after *Troupe* v. *Courtney, supra,* 169 Cal.App.3d 930, yet there is no mention of either case in the opinion. It is clear that the Supreme Court has again confirmed that section 583 was also designed to expedite the administration of justice, and this concept is still very much alive.

Respondents, relying on the quoted portion of *Kirwan, supra,* 39 Cal.3d 311, argue that the trial court exercised its broad discretion and dismissed the case for lack of prosecution, therefore its judgment is presumed correct, and we must affirm unless we can show abuse of discretion.[7] In other words, the prejudice test of *Hurtado* is not necessarily the major rationale underlying the two-year dismissal, and pre-*Hurtado* decisional law including the abuse of discretion standard is still controlling.

Returning to the case before us, even if we assume for sake of argument that *Kirwan* returns us to pre-*Hurtado* decisional law, it does not aid respondents. This is a close case and not one where appellants have slept on their rights. We have set forth earlier in this opinion the activities of appellants that are mentioned in California Rules of Court, rule 373(e) that must be considered by the trial court, namely availability to service of process, extent of settlement negotiations or discussions, discovery and pretrial proceedings. Pre-*Hurtado* case law had established some well accepted rules for such a close case. Where a trial court dismisses the action (as here), it is subject to closer scrutiny than where the trial court denies the motion to dismiss. All doubts must be resolved in favor of the party attempting to get to trial. (*United Farm Workers National Union* v. *International Brotherhood Of Teamsters, supra,* 87 Cal.App.3d 225, 233; *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 561 [133 Cal.Rptr. 212].) The policy underlying section 583, subdivision (a), which seeks to prevent unreasonable delays in litigation must sometimes yield to the more powerful policy which seeks to dispose of litigation on the merits. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193].) Lack of prejudice to a defendant is a factor. When it appears that no

---

[7]Determining abuse of discretion is an "amorphous" standard according to *Hurtado* and opened the door to the different approaches taken by the appellate decisions.

injustice would result a motion to dismiss for failure to bring it to trial within two years should be denied. (*Ibid.*)

■ In *City of Los Angeles* v. *Gleneagle Dev. Co., supra,* defendants who had the action dismissed by the trial court, made the same argument as respondents here, to wit, we must presume the trial court was correct and reverse only if we find an abuse of discretion. This court disagreed. It noted that plaintiffs had filed interrogatories, filed an at-issue memorandum and given other reasons for the delay in prosecution. This met the criterion of requiring plaintiff to make some showing for his delay. The court relying on the principles cited above reversed the dismissal. (See also *United Farm Workers National Union* v. *International Brotherhood Of Teamsters, supra,* 87 Cal.App.3d 225.)

The order of dismissal was improperly granted and is reversed.

■ *The Summary Judgment.* Both appellants and Leake limit their arguments to analysis of sections 340.5 and 364, and have overlooked *Braham* v. *Sorenson* (1981) 119 Cal.App.3d 367, 370-371 [174 Cal.Rptr. 39], and *Banfield* v. *Sierra View Local Dist. Hospital* (1981) 124 Cal.App.3d 444 [177 Cal.Rptr. 290] that apply section 356 in determining the proper time to file the action.[8] Because section 364, subdivision (a), requires a 90-day notice before commencement of an action, it serves to stay the suit and triggers section 356. Section 356 mandates that the 90-day notice period required by section 364, subdivision (a), be excluded from calculation of the time limited. (*Braham* v. *Sorenson, supra,* 119 Cal.App.3d at pp. 370-371.) These 90 days are "tacked on" to the one-year statutory time. (*Ibid.*) In the instant case, the cause of action accrued on or shortly before September 3, 1980, with the birth of appellants' child. The "normal" one year would have expired on September 3, 1981. After adding the 90 days, the time to file was extended to December 2, 1981. Appellants' complaint was filed November 25, 1981, well within the statutory time limitation.

Because we have determined that the complaint was timely filed, we need not address the parties' contentions regarding the accrual of the cause of action and the nature of a 90-day notice of intention to file suit.

---

[8]The relevant sections, in pertinent part, provide:

"§ 364 (a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action. . . . [¶] (d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

"§ 356 When the commencement of an action is stayed by . . . statutory prohibition, the time of the continuance of the . . . prohibition is not part of the time limited for the commencement of the action."

Both the order of dismissal and the judgment are reversed.

Feinerman, P. J., and Eagleson, J., concurred.