[No. S005969. Apr. 4, 1991.]

VARETTA WOODS, Plaintiff and Appellant, v.
WILLIAM YOUNG et al., Defendants and Respondents.

**COUNSEL**

Robert Wasserwald and William J. Cleary, Jr., for Plaintiff and Appellant.

Ian Herzog, Leonard Sacks, Robert Steinberg, Bruce Broillet, Evan Marshall, Richard D. Aldrich, Harvey R. Levine, Douglas DeVries, Robert E. Cartwright, Guy Saperstein, Gary Gwilliam, Sanford Gage and Roland Wrinkle as Amici Curiae on behalf of Plaintiff and Appellant.

Kirtland & Packard, Harold J. Hunter, Jr., Donna P. McCray, Herzfeld & Rubin, Michael A. Zuk, Roy D. Goldstein, Seymour W. Croft, Shield & Smith, Richard B. Castle and Douglas Fee for Defendants and Respondents.

Hassard, Bonnington, Rogers & Huber, David E. Willett, Musick, Peeler & Garrett, James F. Ludlam, Charles E. Forbes, Horvitz, Levy & Amerian,

S. Thomas Todd and Frederic D. Cohen as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**KENNARD, J.**—In 1975, the Legislature enacted the Medical Injury Compensation Reform Act (MICRA) in response to a health care crisis caused by a rapid increase in premiums for medical malpractice insurance. Among MICRA's many provisions is one that requires a plaintiff, before filing an action based on a health care provider's professional negligence, to give the defendant at least 90 days' notice of intent to sue.

The issue in this case is whether the 90-day notice provision tolls or extends the 1-year statute of limitations for medical malpractice actions,[1] and, if so, under what circumstances.

Two different views have developed in the Courts of Appeal that have addressed this issue. All of the decisions have concluded that the statute of limitations is tolled for 90 days regardless of when during the limitations period the plaintiff gives the requisite notice of intent to sue. Some, however, have held that when the notice is given in the last 90 days of the limitations period, the overall time for bringing the action is extended for a period ranging from 90 to 180 days.

We conclude that neither line of authority effectuates the legislative intent underlying MICRA's statutory scheme. We hold that the 1-year statute of limitations is tolled for 90 days when the plaintiff gives the notice of intent to sue in the last 90 days of the limitations period, but that the running of the statutory period is not otherwise affected by service of the notice. We further hold that considerations of fairness and public policy require prospective application of our decision.

I

In enacting MICRA in 1975, the Legislature "attempted to reduce the cost and increase the efficiency of medical malpractice litigation by revising a number of legal rules applicable to such litigation." (*American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359, 363-364

---

[1] Code of Civil Procedure section 340.5 provides for a limitations period in medical malpractice cases of three years after the injury or one year after the plaintiff's discovery of the injury, whichever occurs first. The three-year limitations period is not in issue here.

[204 Cal.Rptr. 671, 683 P.2d 670, 41 A.L.R.4th 233].) The MICRA revision added to the Code of Civil Procedure three provisions that are relevant to a resolution of the issue presented here: Code of Civil Procedure section 364, subdivisions (a) and (d), and section 365.[2] (All further statutory references are to the Code of Civil Procedure.)

■ Section 364, subdivision (a) (hereafter section 364(a)) requires that, before filing a medical malpractice action, a plaintiff give the defendant at least 90 days' notice of intent to sue. The purpose of this 90-day waiting period is to decrease the number of medical malpractice actions filed by establishing a procedure that encourages the parties to negotiate "outside the structure and atmosphere of the formal litigation process." (Jenkins & Schweinfurth, *California's Medical Injury Compensation Reform Act: An Equal Protection Challenge* (1979) 52 So.Cal.L.Rev. 829, 963, fn. omitted; see *Grimm v. Thayer* (1987) 188 Cal.App.3d 866, 871 [233 Cal.Rptr. 687]; *Gilbertson v. Osman* (1986) 185 Cal.App.3d 308, 317 [229 Cal.Rptr. 627].)

Section 365 states that a plaintiff's failure to give the 90-day notice required by section 364(a) "shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein." It also provides, however, that an attorney who fails to comply with the notice requirement may be subject to disciplinary proceedings by the State Bar of California.

Unless the giving of the 90-day notice tolls or extends the statute of limitations, sections 364(a) and 365 pose a dilemma for the plaintiff's attorney who serves the notice within the last 90 days of the 1-year limitations period. In that situation, the attorney must either comply with section 364(a)'s proscription against commencing the action during that statute's 90-day waiting period, thereby forfeiting the client's cause of action, or the attorney must file the lawsuit during the statutory 90-day waiting period, thereby "triggering" section 365's provision of possible disciplinary action by the State Bar. In the absence of tolling or extension, a plaintiff's attorney wishing to protect the client's rights without risking disciplinary

---

[2] Section 364, subdivision (a) provides: "No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action."

Section 364, subdivision (d) states: "If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

Section 365 reads: "Failure to comply with this chapter shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein. However, failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention."

proceedings would have to serve the 90-day notice within 9 months of the plaintiff's discovery of the injury. This would, in effect, shorten the statutory limitations period from one year to nine months.

The Legislature attempted to resolve this problem through section 364, subdivision (d) (hereafter section 364(d)). That provision states that if section 364(a)'s 90-day notice of intent to sue is served during the last 90 days of the statute of limitations, the limitations period is "extended 90 days from service of the notice." This additional time could give the plaintiff more, but never less, than the statutory one-year period in which to bring the lawsuit. Thus, section 364(d) reflects the Legislature's intent to allow a medical malpractice plaintiff at least a year in which to file the action.

A literal application of section 364(d), however, leads to incongruous results, as this example shows: A plaintiff serves the 90-day notice of intent to sue required by section 364(a) 50 days before expiration of the 1-year statute of limitations. Because section 364(d) would in that case extend the 1-year limitations period by 90 days, calculated from the date of service of the 90-day notice, the plaintiff has 1 year and 40 days in which to file the action.

If our hypothetical plaintiff were to file suit on the last day of the extension, the plaintiff would violate the 90-day waiting requirement of section 364(a), which requires the plaintiff to give the defendant health care provider *at least* 90 days' prior notice of intent to sue. If, however, the plaintiff were to file the action one day after the extended period, that is, one year and forty-one days after discovery of the injury, the action would be barred by the one-year statute of limitations because it was filed one day beyond the limitations period as extended.

Thus, when applied literally, section 364(d) accomplishes nothing. This is the problem that has confronted the Courts of Appeal in their efforts to resolve the dilemma that sections 364(a) and 365 present to a plaintiff's attorney who serves the 90-day notice of intent to sue in the last 90 days of the 1-year limitations period.

## II

All of the Courts of Appeal that have attempted to resolve the difficulties presented by the MICRA provisions discussed above have resorted to the non-MICRA tolling provision of section 356. That provision states that when "the commencement of an action is stayed by . . . statutory prohibition," the time of the statutory prohibition "is not part of the time limited for the commencement of the action." The Courts of Appeal have

concluded that section 364(a)'s 90-day waiting period is a "statutory prohibition" within the meaning of section 356, thus resulting in a 90-day tolling of the 1-year limitations period regardless of when the notice of intent to sue is given. They have disagreed, however, whether the 90-day extension provided by section 364(d) is in addition to, or is included within, the 90-day tolling attributable to section 356, as the following cases illustrate.

In *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal.App.3d 507 [151 Cal.Rptr. 97], the court, relying on section 356, concluded that the giving of the 90-day notice of intent to sue required by section 364(a) tolls the 1-year statute of limitations for a period of 90 days, and that, in addition, when the notice is served within 90 days of the expiration of the statute, section 364(d) operates to lengthen the statute by a period of between 1 day and 90 days.

The *Gomez* court noted that section 364(d), which applies only when the requisite notice of intent to sue is given in the last 90 days of the limitations period, extends the limitations period for 90 days from the date of service of the notice. The court observed that section 364(a) "incongruously" prohibited the commencement of the action during the limitations period as extended by section 364(d). In the court's view, the statutory scheme would "self-destruct" were it not for the tolling provided by section 356. For these reasons, the court concluded that section 356 interrupted the running of the limitations period upon the serving of section 364(a)'s 90-day notice of intent to sue, and that the period *as extended by section 364(d)* resumed upon expiration of section 364(a)'s 90-day waiting period. (*Gomez* v. *Valley View Sanitorium, supra,* 87 Cal.App.3d at p. 510.)

Therefore, under *Gomez* v. *Valley View Sanitorium, supra,* 87 Cal.App.3d 507, the 90-day tolling resulting from the application of section 356 and the 90-day extension flowing from section 364(d) are consecutive, so that the time for bringing suit does not expire until up to 180 days after service of the 90-day notice required by section 364(a). Thus, under *Gomez,* the statute of limitations period can be extended for a period ranging from 90 days to 180 days, depending on when a plaintiff gives section 364(a)'s 90-day notice of intent to sue. At least two cases have followed *Gomez.* (*Paxton* v. *Chapman General Hospital, Inc.* (1986) 186 Cal.App.3d 110, 115 [230 Cal.Rptr. 355]; *Estrella* v. *Brandt* (9th Cir. 1982) 682 F.2d 814, 818-819.)

But in *Braham* v. *Sorenson* (1981) 119 Cal.App.3d 367 [174 Cal.Rptr. 39], another Court of Appeal adopted a different view. In *Braham,* the court focused on the express language in section 364(d) providing that its 90-day extension must be measured from the date of service of section 364(a)'s 90-day notice of intent to sue. The court concluded that this

language precluded adding the two 90-day provisions. (119 Cal.App.3d at p. 372.)

The *Braham* court reasoned that section 364(d)'s extension of 90 days was concurrent with, and consequently subsumed by, the 90-day tolling that results from applying section 356's "statutory prohibition" provision to section 364(a)'s 90-day notice requirement. As interpreted by *Braham*, the application of sections 356, 364(a), and 364(d) results in all cases in changing the one-year limitations period into a total of one year and ninety days, but not more than that. (*Braham* v. *Sorenson, supra,* 119 Cal.App.3d at pp. 372-373.) Among the cases that have followed the *Braham* decision are *Grimm* v. *Thayer, supra,* 188 Cal.App.3d 866, 870; *Gilbertson* v. *Osman, supra,* 185 Cal.App.3d 308, 317; *Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 52 [222 Cal.Rptr. 713]; and *Banfield* v. *Sierra View Local Dist. Hospital* (1981) 124 Cal.App.3d 444, 459-460 [177 Cal.Rptr. 290].

As we shall explain, the Courts of Appeal's application of section 356, the general tolling provision, cannot be harmonized with section 364(d)'s extension provision. Under the interpretations adopted by the Courts of Appeal, section 364(d) is either rendered meaningless or given a meaning that its language will not support.

### III

■ In construing statutes, we must determine and effectuate legislative intent. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154]; *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) To ascertain intent, we look first to the words of the statutes. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323]; *People* v. *Woodhead, supra,* at p. 1007.) "Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible." (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) Interpretations that lead to absurd results or render words surplusage are to be avoided. (*Ibid.*)

■ To apply section 356's tolling provision to section 364, as the Courts of Appeal have done, extends the 1-year statute of limitations for either a period ranging from 90 to 180 days, as expressed in *Gomez* v. *Valley View Sanitorium, supra,* 87 Cal.App.3d 507, or for 90 days only, but not more than that, as held in *Braham* v. *Sorenson, supra,* 119 Cal.App.3d 367.

The *Gomez* court's construction, under which the section 364(d) extension commences only after the section 356 tolling is concluded, cannot be

reconciled with the language of section 364(d) stating that the 90-day extension is measured "from the service of the notice" that a plaintiff must give under section 364(a).

The *Braham* court's construction, on the other hand, is faithful to the language of section 364(d), but at the cost of rendering it substantively meaningless. Under the reasoning of *Braham*, the section 364(d) extension and the section 356 tolling are both "triggered" by the same act (service of the notice of intent to sue). Beginning at the same time, the two 90-day periods run in tandem and expire together. In other words, the section 364(d) extension is wholly subsumed within, and thus redundant of, the 90-day tolling attributable to sections 364(a) and 356. ■ Because this conclusion deprives section 364(d) of any meaning, it violates the rule that every provision of a statute is assumed to have meaning and to perform a useful function. (*White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 681 [183 Cal.Rptr. 520, 646 P.2d 191]; *J. R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36 [160 Cal.Rptr. 710, 603 P.2d 1306].)

■ The anomalies created by applying the tolling provision of section 356 to section 364 suggest that when the Legislature enacted MICRA it did not intend section 356, a non-MICRA provision, to apply to section 364, a MICRA statute. This conclusion is supported by the presence of section 365 in MICRA's statutory scheme. Section 365 states that a medical malpractice plaintiff's failure to comply with the 90-day notice requirement of section 364(a) does *not* invalidate court proceedings and is *not* jurisdictional, although failure to comply may subject the plaintiff's attorney to State Bar disciplinary proceedings. Therefore, as noted in *Toigo* v. *Hayashida* (1980) 103 Cal.App.3d 267, 268-269 [162 Cal.Rptr. 874], section 365 does not legally prevent a plaintiff from commencing a medical malpractice action during the mandatory 90-day waiting period set forth in section 364(a). (Compare, e.g., *Cal. Cigarette Concessions* v. *City of L. A.* (1960) 53 Cal.2d 865, 868 [3 Cal.Rptr. 675, 350 P.2d 715] [§ 356 held to toll the statute of limitations during the pendency of a claim for refund of municipal business license taxes when the presentation of a claim to the city was a prerequisite to bringing court action]; *Eistrat* v. *Cekada* (1958) 50 Cal.2d 289, 291-292 [324 P.2d 881] [§ 356 held applicable to a restraining order in a bankruptcy proceeding that prevented the plaintiff from commencing an action].)

Our conclusion that section 356 does not apply to section 364 is also supported by the rule of statutory construction that a later, more specific statute controls over an earlier, general statute. Sections 364 and 365 were enacted in 1975 as part of MICRA, "an interrelated legislative scheme enacted to deal specifically with all medical malpractice claims." (*Young* v.

*Haines* (1986) 41 Cal.3d 883, 894 [226 Cal.Rptr. 547, 718 P.2d 909].) Section 356, a non-MICRA provision, was enacted in 1872 (13A West's Ann. Code Civ. Proc. (1982 ed.) § 356, p. 594), and applies to tolling and to statutory prohibitions in general. ■ As we said in *People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328]: "A specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates."

■ The conclusion that the tolling provision of section 356 is inapplicable does not, however, resolve the problem presented by a literal application of section 364(d). That provision states that if section 364(a)'s 90-day notice of intent to sue is served during the last 90 days of the statute of limitations, the limitations period is "extended 90 days from service of the notice." As mentioned previously, a literal application of section 364(d) would require a medical malpractice plaintiff to commence the lawsuit in the same period of time during which section 364(a) precludes the plaintiff from filing suit. To resolve the problem, we must therefore consider both the context in which section 364 was enacted and the legislative objective. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com., supra*, 43 Cal.3d at p. 1387; see *People* v. *Woodhead, supra*, 43 Cal.3d at pp. 1007-1008.)

As we noted at the outset, in enacting MICRA the Legislature sought to "reduce the cost and increase the efficiency of medical malpractice litigation" by, among other things, changing the legal rules governing such litigation. (*American Bank & Trust Co.* v. *Community Hospital, supra*, 36 Cal.3d at pp. 363-364.) One such change was to impose, through section 364(a), a 90-day "waiting" period on the plaintiff in an effort to encourage negotiated resolution of the medical malpractice dispute outside the formal litigation process. (*Grimm* v. *Thayer, supra*, 188 Cal.App.3d at p. 871.)

That legislative purpose is best effectuated by construing section 364(d) as tolling the one-year statute of limitations when section 364(a)'s ninety-day notice of intent to sue is served during, but not before, the last ninety days of the one-year limitations period. Because the statute of limitations is tolled for 90 days and not merely extended by 90 days from the date of service of the notice, this construction results in a period of 1 year and 90 days in which to file the lawsuit. In providing for a waiting period of at least 90 days before suit can be brought, this construction achieves the legislative objective of encouraging negotiated resolutions of disputes.

Moreover, this interpretation resolves the dilemma, discussed earlier, that sections 364(a) and 365 pose for a plaintiff's attorney who serves the 90-day notice of intent to sue required by section 364(a) in the last 90 days of the 1-

year limitations period. Our construction of section 364 as tolling, rather than merely extending, the statute of limitations, permits the plaintiff to commence the action after the 90-day "waiting" period has elapsed and before the limitations period has expired.[3] The plaintiff who gives the 90-day notice before the last 90 days of the 1-year limitations period can still bring the lawsuit after the 90-day period has elapsed because in that situation the 1-year statute of limitations will not have expired at the end of the 90-day waiting period.

Furthermore, this construction of section 364 harmonizes the statutory provisions at issue. It maintains the legislative mandate, as expressed in section 364(a), that a medical malpractice plaintiff give the defendant at least 90 days' notice of intent to sue before commencing an action. As explained earlier, by imposing this 90-day waiting period, the Legislature sought to encourage settlement outside the formal litigation process. Our construction also achieves section 364(d)'s purpose of preserving the 90-day negotiation period by allowing additional time to bring the lawsuit when the plaintiff serves the 90-day notice in the last 90 days of the limitations period. It further gives effect to the provision in section 365 that the failure to give section 364(a)'s 90-day notice of intent to sue is not jurisdictional and does not invalidate any proceedings.

We recognize that to grant additional time to a plaintiff who serves the notice of intent to sue required by section 364(a) in the last 90 days of the limitations period, but not to a plaintiff who more promptly gives such notice, appears to reward the dilatory plaintiff. But the Legislature drew this distinction when it enacted MICRA. Through section 364(d), the Legislature extended the statute of limitations "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations . . . ." Presumably the Legislature's reason for imposing this restriction was that plaintiffs who serve the notice before the final 90 days of the limitations period will still have time to file their actions after the 90-day waiting period is concluded, and so they do not need an extension. (See *Mutual Life Ins. Co.* v. *City of Los Angeles* (1990) 50 Cal.3d 402, 412 [267 Cal.Rptr. 589, 787 P.2d 996].) In matters of statutory construction, we may not ignore restrictions the Legislature has inserted. (§ 1858.) If the relief afforded by section 364(d) is to be provided also to plaintiffs who serve the section 364(a) notice

---

[3] A plaintiff who serves the notice of intent to sue on the last day of the limitations period has one day after the ninety-day waiting period to file the complaint. Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is, when the tolling period has ended. Because the law does not divide time periods into increments of less than one day (see, e.g., §§ 12, 1013) and because tolling takes effect immediately, the day of service of the notice is not part of "the time for the commencement of the action." (§ 340.5.)

before the last 90 days of the 1-year limitations period, it must be the Legislature that provides it.

The distinction between a plaintiff who promptly gives notice and one who gives notice in the last 90 days of the limitations period does serve the legislative objective of allowing time for negotiations without the formal initiation of legal proceedings. Tolling the limitations period when the plaintiff serves the notice during the last 90 days of that limitations period allows MICRA plaintiffs to continue negotiating with the defendants for the full 90-day waiting period contemplated by MICRA before their actions must be filed to avoid the bar of limitations. At the same time, this construction of section 364(d), which restricts relief to plaintiffs who serve the notice of intent to sue during the last 90 days of the limitations period, avoids judicially converting the legislatively established 1-year statute of limitations (§ 340.5) into a 1-year-and-90-day statute of limitations in all cases. As we have seen, the alternative constructions render section 364(d) meaningless, reach anomalous results, or cannot be reconciled with the other statutory provisions at issue.

Invoking the constitutional guarantee of equal protection, plaintiff argues that the statutory scheme improperly favors those plaintiffs who serve the section 364(a) notice of intent during the last 90 days of the 1-year limitations period. These plaintiffs are favored, according to this argument, because they alone are granted extensions of the one-year limitations period. This distinction, plaintiff maintains, violates equal protection because it lacks a rational relationship to the legislative objective. We disagree.

The timing of the notice determines in which group the plaintiff falls. Because the plaintiff controls the timing of the notice, it is the plaintiff who selects the group or classification. Under the one-year statute of limitations, a cause of action accrues on discovery. (§ 340.5.) Thus, upon discovery of the injury the medical malpractice plaintiff is aware of the cause of action and can decide when to give the statutory notice of intent to sue. Consequently, the plaintiff rather than the Legislature determines the plaintiff's group or classification.

Also without merit is plaintiff's assertion that the legislative classifications are not rationally related to the legislative objective. ■ The "rational basis" standard, rather than the "compelling state interest" test, applies to legislative classifications among personal injury plaintiffs. (*Young v. Haines, supra*, 41 Cal.3d at p. 899; *American Bank & Trust Co. v. Community Hospital, supra*, 36 Cal.3d at p. 373, fn. 12.) As noted earlier, the Legislature sought to decrease the number of medical malpractice actions filed by providing for a period of negotiation before commencement of the

lawsuit. Allowing additional time if the 90-day notice to sue is not given until the last 90 days of the statute of limitations directly relates to this legislative objective by providing time for negotiation without barring the plaintiff's claim. (See *Fein* v. *Permanente Medical Group* (1985) 38 Cal.3d 137, 161-164 [211 Cal.Rptr. 368, 695 P.2d 665]; *Roa* v. *Lodi Medical Group, Inc.* (1985) 37 Cal.3d 920, 930-933 [211 Cal.Rptr. 77, 695 P.2d 164]; *Barme* v. *Wood* (1984) 37 Cal.3d 174, 181-182 [207 Cal.Rptr. 816, 689 P.2d 446]; *American Bank & Trust Co.* v. *Community Hospital, supra*, 36 Cal.3d at pp. 370-374.)

■ For the reasons given above, we hold that when a plaintiff gives the 90-day notice of intent to sue required by section 364(a) in the last 90 days of the 1-year statute of limitations that statute is tolled for 90 days.[4]

IV

In this case, plaintiff Varetta Woods was admitted to defendant Brotman Medical Center (Brotman) on May 10, 1983. Defendants Hiawatha Harris, M.D., and Alvin T. Trotter, M.D., agents and employees of Brotman, diagnosed plaintiff as suffering from schizophrenia, and provided treatment.

On June 29, 1983, plaintiff was transferred from Brotman to County-USC Medical Center (County-USC), where she was told she was suffering from encephalitis rather than schizophrenia. On July 21, 1983, plaintiff authorized Brotman to release her medical records to an attorney. After her discharge from County-USC on July 25, 1983, plaintiff changed attorneys.

In response to interrogatories, plaintiff stated that she learned of the alleged misdiagnosis upon admission to County-USC on June 6, 1983. Thus, that would have been the date on which plaintiff discovered her injury and the statute of limitations would have commenced running. (§ 340.5.) Hospital records, however, showed that Brotman discharged plaintiff on June 29, 1983, and that she was admitted on that same day to County-USC, where she remained until her discharge on July 25, 1983. Because of plaintiff's admission in her interrogatory response that she first learned of the misdiagnosis upon her admission to County-USC, the discrepancy between the date she said to be her admission date and hospital records showing a later date of admission suggests that the date given by

---

[4]Statements in the following cases inconsistent with this holding are disapproved: *Grimm* v. *Thayer, supra,* 188 Cal.App.3d 866; *Paxton* v. *Chapman General Hospital, Inc., supra,* 186 Cal.App.3d 110; *Gilbertson* v. *Osman, supra,* 185 Cal.App.3d 308; *Hilburger* v. *Madsen, supra,* 177 Cal.App.3d 45; *Banfield* v. *Sierra View Local Dist. Hospital, supra,* 124 Cal.App.3d 444; *Braham* v. *Sorenson, supra,* 119 Cal.App.3d 367; and *Gomez* v. *Valley View Sanitorium, supra,* 87 Cal.App.3d 507.

plaintiff may have been in error. In any event, as the Court of Appeal in this case concluded, "the date of such advice could not have been later than July 25, 1983, the date of [plaintiff's] discharge from County-USC." For purposes of this decision, therefore, we will accept July 25, 1983—the latest possible date of plaintiff's discovery of the alleged malpractice—as the date on which the one-year statute of limitations started to run. (§ 340.5.)

In compliance with the 90-day notice requirement of section 364(a), plaintiff's new attorneys notified defendants on February 17, 1984, of her intent to file a malpractice action against them. The complaint was filed on August 16, 1984, one-year and three weeks after plaintiff's discovery of the injury.[5] It alleged medical malpractice based on negligent examination, diagnosis, and treatment. Each defendant answered, and alleged as an affirmative defense that the complaint was barred by the one-year statute of limitations.

Defendants moved for summary judgment on the ground that the filing of the complaint was untimely because it occurred after expiration of the statute of limitations. (§ 340.5.) The trial court granted the motions, and denied plaintiff's motion for reconsideration.

Plaintiff appealed, and obtained a reversal. The Court of Appeal held that the statute of limitations was tolled by the giving of the notice of intent to sue, regardless of when during the limitations period the notice was given. Although the court noted that the application of section 356's tolling provision to section 364 was questionable, it decided to follow the existing published decisions that had applied section 356 to section 364. Because plaintiff's complaint was filed within one year and ninety days of the date her cause of action accrued, the Court of Appeal reversed the judgment of the trial court.

## V

■ If the construction of the relevant statutes that we have adopted were applied retroactively to the facts of this case, plaintiff's action would be barred by the statute of limitations. Because she served the notice of intent to sue before the last 90 days of the limitations period, plaintiff would not be entitled to the benefit of the tolling provided by section 364(d). Her complaint, filed one year and three weeks after discovery of her cause of action, would be untimely.

---

[5] Plaintiff did not file her complaint within one year of any of the possible dates (June 6, June 29, and July 25, 1983) of discovery of the injury. Nor did she serve the 90-day notice of intent to sue within the last 90 days of the 1-year limitations period regardless of which date is considered the date of discovery. Each of these possible dates leads to the same result.

■ Unlike statutory enactments, judicial decisions, particularly those in tort cases, are generally applied retroactively. (*Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978, 981-982 [258 Cal.Rptr. 592, 772 P.2d 1059].) But considerations of fairness and public policy may require that a decision be given only prospective application. (*Id*. at pp. 983-984; see *Estate of Propst* (1990) 50 Cal.3d 448, 463 [268 Cal.Rptr. 114, 788 P.2d 628]; *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 305 [250 Cal.Rptr. 116, 758 P.2d 58]; *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 152 [181 Cal.Rptr. 784, 642 P.2d 1305].) Particular considerations relevant to the retroactivity determination include the reasonableness of the parties' reliance on the former rule, the nature of the change as substantive or procedural, retroactivity's effect on the administration of justice, and the purposes to be served by the new rule. (*Newman* v. *Emerson Radio Corp., supra*, at pp. 983-992; *Peterson* v. *Superior Court, supra*, at p. 152; *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 193 [98 Cal.Rptr. 837, 491 P.2d 421].)

■ Reliance by litigants on the former rule and the unforeseeability of change support prospective application of the rule adopted here. As we have observed, the issue presented in this case has been addressed in seven published Court of Appeal decisions. Although the Courts of Appeal were divided on the interpretation and application of section 364(d),[6] all seven opinions concluded that the one-year limitations period was tolled during section 364(a)'s ninety-day waiting period regardless of when during the limitations period the notice of intent to sue was served. This unanimous conclusion established a settled rule upon which plaintiff could reasonably rely in determining when to file her action.

Limiting the retroactivity of our decision is also indicated by the nature of the change effected by the new rule. The change is procedural, affecting only the calculation of the limitations period. Prospective application will not remove any substantive defense to which defendants would otherwise be entitled. Retroactive application of the change, on the other hand, would bar plaintiffs' actions regardless of their merits. ■ Retroactive application of an unforeseeable procedural change is disfavored when such application would deprive a litigant of "any remedy whatsoever." (*Chevron Oil Co.* v. *Huson* (1971) 404 U.S. 97, 108 [30 L.Ed.2d 296, 306, 92 S.Ct. 349]; *Newman* v. *Emerson Radio Corp., supra*, 48 Cal.3d at pp. 990-991.)

■ Concern for the administration of justice further supports prospective application. Medical malpractice is one of the more common tort

---

[6] Because the Courts of Appeal were divided on this issue, a plaintiff could not reasonably rely on the interpretation under which the time for bringing suit after discovery of the injury could exceed one year and ninety days. This interpretation, first advanced in *Gomez* v. *Valley View Sanitorium, supra*, 87 Cal.App.3d 507, was vigorously disputed by other appellate decisions.

actions; therefore, we anticipate that many pending cases will be affected by our decision. Justice is not served by barring so many actions that reasonably appeared timely when filed. (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra,* 46 Cal.3d at p. 305; *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393].)

The purposes of the new rule announced in this decision are to harmonize statutory provisions and to resolve a division of authority in the Courts of Appeal. These important objectives are not compromised by prospective application of the new rule.

Consideration of the relevant factors leads us to conclude that our primary holding in this case should be given only prospective application. Accordingly, this opinion's holding—that serving the notice of intent to sue tolls the one-year limitations period only when the notice is served during the last ninety days of the one-year period—shall apply only to complaints filed more than ninety days after this decision becomes final (see Cal. Rules of Court, rule 24(a)).[7] All complaints filed no later than 90 days after the decision becomes final shall have the benefit of a 90-day tolling if a notice of intent to sue was served at any time during the 1-year limitations period.

The judgment of the Court of Appeal is affirmed. Defendants are awarded their costs on appeal.

Lucas, C. J., Panelli, J., Arabian, J., Baxter, J., and Kremer (Daniel J.), J.,* concurred.

**MOSK, J.**—I write a separate concurrence to emphasize some of the anomalies in the statutory scheme governing the time limitations applicable to actions for malpractice.

I concur reluctantly in the majority's holding that the 90-day tolling of the statute of limitations applies only to those who file the notice required by subdivision (a) of section 364 of the Code of Civil Procedure (hereinafter section 364(a))[1] within the last 90 days of the 1-year limitations period set forth in section 340.5. The consequence of this ruling is to allow the dilatory malpractice plaintiff an additional 90 days to file a malpractice action—i.e.,

---

[7] Making the holding effective as soon as our decision becomes final would reduce the limitations period for those plaintiffs who served the notice of intent to sue before the final 90 days of the 1-year limitations period but have not yet filed suit. To provide a reasonable period within which such parties may commence their actions, we have determined that the effective date should be 90 days after the decision becomes final.

* Presiding Justice, Court of Appeal, Fourth Appellate District, Division One, assigned by the Chairperson of the Judicial Council.

[1] All statutory references in this opinion are to the Code of Civil Procedure.

1 year plus 90 days—while limiting the diligent plaintiff to 9 months or less from the date the notice period expires—i.e., 1 year minus 90 days. It is difficult to believe that the Legislature deliberately intended such an inexplicable result.

Nevertheless, I can see no way to avoid the majority's holding in view of the statutory language. Sections 364(a) and 365, construed together, appear to prevent application of the tolling provision of section 356 to plaintiffs who file the required notice prior to the last 90 days of the limitations period. Section 356, which applies to actions generally, provides that when the commencement of an action is stayed by a statutory prohibition, the time of the continuance of the prohibition is not part of the limitation period. On its face, section 364(a) contains such a prohibition, i.e., it declares in the clearest terms that a malpractice action may not be commenced unless the plaintiff has given 90 days' prior notice of the intent to bring the action. But section 365 nullifies this prohibition against bringing the action without the required notice: it provides that the failure to give notice is not jurisdictional, but, rather, that an attorney who fails to do so is subject to discipline.[2]

In view of the provisions of section 365, section 364(a) cannot be viewed as a statute which stays the commencement of an action within the meaning of section 356. Thus, section 364(a), in spite of its prohibitory language, does not provide the 90-day tolling period to plaintiffs in malpractice actions. While I doubt that the Legislature intended such a result, it appears to be compelled by the statutory language.

Another aspect of the majority opinion that troubles me is their departure from the language of section 364, subdivision (d). That provision states that in the case of a plaintiff who files notice within 90 days of the expiration of the limitations period, "the time for the commencement of the action shall be extended 90 days from the service of the notice." The majority holding tolls the statute of limitations rather than extending it, and it does so for a fixed 90 days beyond the 1-year limitation period for all such plaintiffs, rather than varying the time allowed for commencing the action according to the date of the service of summons.

Nevertheless, there seems to be no other way out of the dilemma posed by the language of section 364, subdivision (d), which requires an attorney to

[2] Section 365 provides, "Failure to comply with this chapter [which includes section 364] shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein. However, failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention."

either sacrifice a client's cause of action to the bar of the statute of limitations or face disciplinary proceedings before the State Bar. If the statute were applied literally, as is pointed out in *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal.App.3d 507, 510 [151 Cal.Rptr. 97], subdivision (d) of section 364 would "self-destruct." The choice, then, appears to be between applying the statute as written, which would not accomplish the Legislature's goal, or, as the majority have done, in effect rewriting it. The latter course is obviously unsatisfactory, but I reluctantly conclude that in this instance it may be the best way to resolve the anomalies caused by the contradictory and ineffectual statutory scheme.

**BAXTER, J.**—I concur in the judgment. I think it necessary, however, to point out that defendant Trotter failed to petition for review of the Court of Appeal decision or to join in the petition for review filed by defendant Harris. Rule 28(b) of the California Rules of Court clearly provides that, "A party seeking review *must* serve and file a petition . . . ." (Italics added.) Defendant Trotter's failure to do so raises the question of whether he is properly before this court. As a practical matter, we need not decide that question in light of our affirmance of the Court of Appeal decision against defendant Trotter. I believe a word of caution, however, is advisable. In future cases, each party who seeks our review should comply with rule 28(b) either by filing a petition for review or by filing an express written joinder in another party's petition.