BILL LOCKYER Attorney General JONATHAN R. DAVIS Deputy Attorney General
THE HONORABLE BILL JONES, SECRETARY OF STATE, has requested an opinion on the following question:
Is the Secretary of State required to make available on the Internet the names and addresses, including the street name, building number, city, state, and zip code, and telephone numbers of persons identified in campaign and lobbying disclosure statements filed electronically with the Secretary of State?
 CONCLUSION
The Secretary of State is required to make available on the Internet the names and addresses, including the street name, building number, city, state, and zip code, and telephone numbers of persons identified in campaign and lobbying disclosure statements filed electronically with the Secretary of State except for a person's street name and building number listed on a campaign disclosure statement.
 ANALYSIS
The Online Disclosure Act of 1997 (Gov. Code, §§ 84600-84610; "Act")[1] provides for the electronic filing of campaign statements and lobbying disclosure reports with the Secretary of State. It directs the Secretary of State to develop a system to make "the data filed available on the Internet in an easily understood format that provides the greatest public access." (§ 84602, subd. (d).) The question presented for resolution is whether a person's name and address, including street name, building number, city, state, and zip code, and telephone number are subject to the Act's Internet disclosure requirements. We conclude that they are, except for the street names and building numbers listed on campaign disclosure statements.
The Act applies to both campaign disclosure requirements (§84602, subd. (a)) and lobbying disclosure reports (§ 84604, subd. (a)(4)). Section 84602 states in relevant part:
 "To implement the Legislature's intent, the Secretary of State, notwithstanding any other provision of this title or any other provision of the Government Code, shall do all of the following:
 "(a) Develop online and electronic filing processes for use by persons and entities required to file statements and reports with the Secretary of State's office. . . .
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(c) Develop a system that provides for the online or electronic transfer of the data specified in this section utilizing telecommunications technology that assures the integrity of the data transmitted and that creates safeguards against efforts to tamper with or subvert the data.
 "(d) Make all the data filed available on the Internet in an easily understood format that provides the greatest public access. The data shall be made available free of charge and as soon as possible after receipt. . . . The data made available on the Internet shall not contain the street name and building number of the persons or entity representatives listed on the electronically filed forms.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
The language of subdivision (d) of section 84602 appears to be clear and unambiguous. "All" filed data must be made available on the Internet by the Secretary of State except for a person's or entity representative's "street name and building number."
In this situation, we would normally apply the principles of statutory construction stated in Halbert's Lumber, Inc. v. Lucky Stores, Inc. (1992) 6 Cal.App.4th 1233, 1238: "If the meaning is without ambiguity, doubt, or uncertainty, then the language controls. [Citations.] There is nothing to `interpret' or `construe.' [Citations.]" Moreover, section84602 contains the phrase "notwithstanding any other provision of this title or any other provision of the Government Code." Use of this phrase constitutes "an express legislative intent to have the specific statute control despite the existence of other law which might otherwise govern. [Citations.]" (People v. DeLaCruz (1993) 20 Cal.App.4th 955,963.)
If the Act and its provisions, including section 84602, were the only legislative scheme warranting our analysis, we would have little difficulty in answering the question presented. However, a different statutory scheme, dealing specifically with lobbying disclosure requirements (§§ 86100-86300), was recently amended. (Stats. 1999, ch. 855, § 4.) Section 86109.5 provides expressly:
 "(a) The Secretary of State shall establish and maintain on the Internet an online version of the Directory of Lobbyists, Lobbying Firms, and Lobbyist Employers. The Secretary of State shall update the directory weekly.
 "(b) The Secretary of State shall also display on the Internet a list of the specific changes made to the Directory of Lobbyist, Lobbying Firms, and Lobbying Employers, including new registrations and listings, additions, deletions, and other revisions, during the seven days preceding the update required by subdivision (a).
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(d) Notwithstanding any other provision of this title, the lobbying data made available on the Internet shall include the street name and building number of the persons or entity representatives listed on all the documents submitted to the Secretary of State pursuant to [sections 86100-86300]."
Section 86109.5 contains the same type of "notwithstanding any other provision" language contained in section 84602. It directs that "the street name and building number" be made available on the Internet by the Secretary of State contrary to the prohibition of section84602. How is this statutory conflict to be resolved?
Section 86109.5 is the more specific statute. It deals only with lobbying information, whereas section 84602 concerns both lobbying and campaign disclosure requirements. Section 86109.5 is also the latter statute, being enacted two years after section 84602.[2]
It is a fundamental principle of statutory instruction that "`[a] specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates.'" (Woods v. Young (1991) 53 Cal.3d 315, 325; accord, San Francisco Taxpayers Assn. v. Board of Supervisors (1992) 2 Cal.4th 571, 577.) Moreover, "[W]hen the provisions of one statute are in irreconcilable conflict with those of another, the later enactment is deemed to have repealed any contrary provisions in the former. [Citation.]" (Corona-Norco Unified Sch. Dist. v. City of Corona (1993)13 Cal.App.4th 1577, 1584.)
Applying these rules of construction, we find that the directive to make available over the Internet the street names and building numbers contained in lobbying data (§ 86109.5) controls over the more general and earlier prohibition against such Internet publication by the Secretary of State (§ 84602).
We conclude that the Secretary of State is required to make available on the Internet the names and addresses, including street name, building number, city, state, zip code, and telephone numbers of persons identified in campaign and lobbying disclosure statements filed electronically with the Secretary of State except for a person's street name and building number listed on a campaign disclosure statement.
[1] All references hereafter to the Government Code are by section number only.
[2] While section 84602 was amended in 1999 (Stats. 1999, ch. 433, § 2), the prohibition against disclosing a person's "street name and building number" was enacted in 1997 (Stats. 1997, ch. 866, § 1).