BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE ROBERT A. RYAN, JR., COUNTY COUNSEL, COUNTY OF SACRAMENTO, has requested an opinion on the following question:
May a reclamation district pay a demand warrant that it had issued and previously extended if the warrant was not presented for reissuance or further extension prior to its expiration date?
 CONCLUSION
A reclamation district may not pay a demand warrant that it had issued and previously extended if the warrant was not presented for reissuance or further extension prior to its expiration date.
 ANALYSIS
We are informed that beginning in 1986, a reclamation district issued numerous demand warrants to generate approximately $2.5 million for the repair of the district's levee system. By March of 1994, it had repaid all of the warrants except for nine totaling $180,000. On July 31, 1994, the district extended the nine unpaid warrants for another four-year period ending on July 31, 1998. On September 2, 1998, the holder of the warrants ("bank"), which had not presented the unpaid warrants for payment, extension, or reissuance between July 31, 1994 and July 31, 1998, tendered the warrants to the county treasurer for payment. Although the reclamation district had deposited sufficient funds into its account for payment of the warrants, the county treasurer returned the warrants unpaid. We are asked whether the county treasurer properly refused to pay the bank for the expired warrants. We conclude that the county treasurer complied with the governing law.
The Legislature has enacted a comprehensive statutory scheme (Wat. Code, §§ 50000-53901)[1] dealing with the creation and operation of reclamation districts. A district may be formed for the purpose of engaging in works of reclamation, including the irrigation of district lands. (§§ 50001, 50013.) A district's board of trustees (§ 50002) has among its powers the authority to issue demand warrants (§§ 53020-53023) to satisfy its obligations incurred in carrying out works of reclamation and to raise funds in anticipation of the collection of assessment levies (§§53000-53002). As their name implies, demand warrants "are payable upon demand." (§ 53002.)[2] The key statute requiring our analysis is section 53020, which provides:
 "Demand warrants may be in substantially the following form: Face No. ___ $______ Office of the Board of Trustees of Reclamation District No. _______
 The Treasurer of County will pay to the order of out of Reclamation District No. ___ fund the sum of ___ dollars ($____) for ___ allowed by the board of trustees of said Reclamation District No. ___. Dated ___, 19__.
Trustees
Attest: ___ Secretary
 Reverse When registered this warrant bears interest at the rate of ___ percent per year, computed from the date of registration hereof. This warrant will outlaw and cannot legally be paid four years after date, unless it is payable by its terms at a future date. Pay to ___ or order ___. Presented for payment but not paid for want of funds, this ____day of ___, 19__.
Treasurer of ___ County"
In construing the language of section 53020, we are guided by well established principles of statutory construction. When interpreting a statute, we are to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (DuBois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 387.) "The words of the statute are the starting point." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature. . . ." (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735.)
We believe the plain language of section 53020 to be dispositive in answering the question presented. A demand "warrant will outlaw and cannot legally be paid four years after date, unless it is payable by its terms at a future date." In the circumstances presented, the "date" of the nine unpaid warrants was July 31, 1986. The warrants were extended for another four years on July 31, 1990, and again on July 31, 1994. Accordingly, each warrant became "payable by its terms at a future date" until July 31, 1998. The last extension caused each warrant to "outlaw and cannot legally be paid" after July 31, 1998.
No other construction of section 53020 is permissible. The holder of a demand warrant has four years to act — to have the warrant paid, reissued, or extended. Failure to act within the four-year period causes the warrant to "outlaw," prohibiting payment.
Our construction of section 53020's terms is consistent with the language of the remaining provisions of the statutory scheme. Section53226 provides:
 "The board and the county treasurer may cancel all warrants which have not been paid or reissued, or which have not been extended one or more times within four years after the date of demand warrants, or within four years after the date of maturity of time warrants."
It is evident that once a demand warrant outlaws and can no longer be legally paid, it would be anticipated that the district would cancel the warrant as authorized by section 53226. Of course, whether canceled or not, an expired warrant is subject to the prohibition against payment. We read sections 53020 and 53226 together as providing that expired demand warrants are in effect worthless. "`Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991) 53 Cal.3d 315, 323.)
With respect to extending warrants, section 53225 states:
 "A demand warrant not paid or presented for reissuance within four years after its date, or a time warrant not paid within four years after its maturity may, upon the demand of the holder, be extended one or more times until repayment or reissuance, for a like period of four years from the date of each extension, upon presentation to the board, such extension being endorsed thereon by the board."
Section 53225 allows the extension of a warrant "one or more times" for a "period of four years from the date of each extension." It would be irrational to suggest that an expired warrant could be extended. Once a warrant expires, it "will outlaw and cannot legally be paid." (§ 53020.) If an expired warrant could be extended one, five, or twenty years after its expiration date, the prohibition against the payment of expired warrants in section 53020 would be meaningless. "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislature purpose. . . ." (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1159.) "In construing a statute, a court may consider the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore a practical construction is preferred. [Citation.]" (California Correctional Peace Officers Assn. v. State Personnel Board (1995) 10 Cal.4th 1133, 1147.) Consequently, under the terms of section53225, there can be no gap between any four-year extensions that would cause the warrant to outlaw.
With respect to the reissuance of a demand warrant, section 53220
provides:
 "The board shall, on demand of the holder of any demand warrant outstanding one year or more . . . cancel the same and issue a new demand warrant for the face value of the old warrant, and a separate warrant for any interest then due thereon. . . ."
Section 53220 allows the reissuance of a demand warrant that is "outstanding one year or more. . . ." The statute does not allow the reissuance of expired warrants. As with section 53225, we cannot broadly interpret section 53220 so as to conflict with the express prohibition of section 53020. While a warrant that is outstanding for at least one year may be reissued, such authorization does not extend to a warrant that has been outlawed and prevented from being "legally paid."
Finally, we note the provisions of section 50901, which state:
 "If a district is in debt it has no power to impair or destroy any of its indebtedness without the consent of the creditors, but it may make any arrangement with the creditors for the surrender of such indebtedness at less than par, and may levy an assessment on the lands in the district for the payment thereof."
Section 50901 has no application to the demand warrants in question. The inaction on the part of the bank has caused the warrants to expire. The district is no longer "in debt" to the bank since the outlawed warrants legally cannot be paid.
We conclude that a reclamation district may not pay a demand warrant that it had issued and previously extended if the warrant was not presented for reissuance or further extension prior to its expiration date.
[1] Undesignated section references herein are to the Water Code.
[2] A district may also issue time warrants (§§ 53040-53049) that are "payable at a specified future date expressed in the warrant" (§ 53003).