BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE HELEN MACLEOD THOMSON, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. May a school district deny all applications for pupil admissions that are based upon a parent's employment within the district where the reason for the denial is that the district's school facilities are overcrowded at the relevant grade level?
2. May a school district that has admitted an elementary school pupil based upon a parent's employment within the district deny the pupil continued attendance at a school within the district because of overcrowded school facilities at the relevant grade level?
3. May a school district deny all applications for interdistrict attendance agreements that are based upon the child care needs of the pupil where the reason for the denial is that the district's school facilities are overcrowded at the relevant grade level?
4. May a school district that has entered into an interdistrict attendance agreement based upon the child care needs of the pupil deny the pupil continued attendance at a school within the district because of overcrowded school facilities at the relevant grade level?
 CONCLUSIONS
1. A school district may deny all applications for pupil admissions that are based upon a parent's employment within the district where the reason for the denial is that the district's school facilities are overcrowded at the relevant grade level.
2. A school district that has admitted an elementary school pupil on the basis of a parent's employment within the district may not deny the pupil continued attendance at a school within the district because of overcrowded school facilities at the relevant grade level.
3. A school district may deny all applications for interdistrict attendance agreements that are based upon the child care needs of the pupil where the reason for the denial is that the district's school facilities are overcrowded at the relevant grade level.
4. A school district that has entered into an interdistrict transfer agreement based upon the child care needs of the pupil may not deny the pupil continued attendance at a school within the district because of overcrowded school facilities at the relevant grade level.
 ANALYSIS
The questions presented for analysis concern the authority of a school district, when it has overcrowded school facilities, to deny attendance at its schools by pupils who reside outside the boundaries of the district. The two situations considered involve pupils whose parents are employed within the district and pupils who have child care needs within the district.
Normally, a child is required to attend school in the district in which the residence of either a parent or guardian is located. (Educ. Code, § 48200)[1] However, section 48204 provides:
"Notwithstanding Section 48200, a pupil shall be deemed to have complied with the residency requirements for school attendance in a school district, provided he or she is any of the following:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(b) A pupil for whom interdistrict attendance has been approved pursuant to [sections 46600-46611].
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(f) An elementary school pupil, one or both of whose parents, or whose legal guardian, is employed within the boundaries of that school district.
"(1) Nothing in this subdivision requires the school district within which the pupil's parents or guardians are employed to admit the pupil to its schools. Districts may not, however, refuse to admit pupils under this subdivision on the basis, except as expressly provided in this subdivision, of race, ethnicity, sex, parental income, scholastic achievement, or any other arbitrary consideration.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(4) Any district governing board prohibiting a transfer pursuant to paragraph (1), (2), or (3) shall identify, and communicate in writing to the pupil's parent or guardian, the specific reasons for that determination and shall ensure that the determination, and the specific reasons therefor, are accurately recorded in the minutes of the board meeting in which the determination was made.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(7) Once a pupil is deemed to have complied with the residency requirements for school attendance pursuant to this subdivision and is enrolled in a school district whose boundaries include the location where one parent or both parents of a pupil is employed, or where the pupil's legal guardian is employed, the pupil shall not have to reapply in the next school year to attend a school within that school district and the district governing board shall allow the pupil to attend school through the 12th grade in that district if the parent or guardian so chooses, subject to paragraphs (1) to (6), inclusive.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
While subdivision (f) of section 48204 allows for the admission of a pupil based upon a parent's employment, subdivision (b) of the statute allows for admission based upon the child care needs of the pupil by its reference to sections 46600-46611.[2] Subdivision (a) of section 46600 provides:
 "The governing boards of two or more school districts may enter into an agreement, for a term not to exceed five school years, for the interdistrict attendance of pupils who are residents of the districts. The agreement may provide for the admission to a district other than the district of residence of a pupil who requests a permit to attend a school district that is a party to the agreement and that maintains schools and classes in kindergarten or any of grades 1 to 12, inclusive, to which the pupil requests admission.
 "The agreement shall stipulate the terms and conditions under which interdistrict attendance shall be permitted or denied.
 ". . . The stipulation of the terms and conditions under which the permit may be revoked is the responsibility of the district of attendance."
Section 46601.5 additionally states:
 "(a) The governing boards of any two school districts that have been requested by a pupil's parent or legal guardian to enter into an agreement for the interdistrict attendance pursuant to Section 46600 shall, in considering that request, give consideration to the child care needs of the pupil.
 "(b) The governing board of any school district that has entered into an agreement for the interdistrict attendance of a pupil based on that pupil's child care needs shall allow that pupil to remain continuously enrolled in the school district of choice if the parent or guardian so chooses, subject to paragraphs (1) to (6), inclusive, of subdivision (f) of Section 48204.
 "(c) The governing board of any high school district whose feeder elementary school has entered into an agreement with another school district for the interdistrict attendance of a pupil based on that pupil's child care needs shall allow that pupil to continue to attend school through the 12th grade in the same district if the parent or guardian so chooses, subject to paragraphs (1) to (6), inclusive, of subdivision (f) of Section 48204.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
1. Admission Requests Based Upon Parental Employment
The first question to be resolved is whether a school district may deny all applications for pupil admissions that are based upon a parent's employment within the district if the reason for the denial is the existence of overcrowding in the district's schools at the relevant grade level. We conclude that it may.
As quoted above, subdivision (f)(1) of section 48204 governs our discussion. It allows a school district to deny pupil admissions requested on the basis of parental employment except as particularly specified or on the basis "of race, ethnicity, sex, parental income, scholastic achievement, or any other arbitrary consideration." Does classroom overcrowding constitute an "arbitrary consideration" for purposes of the statute? If not, a district may deny the requests for admission on such basis.
We believe that the existence of overcrowded school facilities cannot be viewed as an "arbitrary" consideration for a school district. "Arbitrary" generally means "arising from unrestrained exercise of the will, caprice, or personal preference." (Webster's 3d New Internat. Dict. (1971) p. 110.)[3] Unlike the specific examples of an arbitrary consideration given in subdivision (f)(1) of section 48204, overcrowded school facilities are directly related to the ultimate mission of the school district to provide quality educational opportunities for all students who attend its schools. In contrast, each of the specific factors listed in subdivision (f)(1) pertains to attributes or characteristics of the individual pupil who seeks admission or those of his or her family. Classroom overcrowding is not a consideration that is personal to the applicant or the applicant's family.[4]
We conclude in answer to the first question that a school district may deny all applications for pupil admissions that are based upon a parent's employment within the district where the reason for the denial is that the district's school facilities are overcrowded at the relevant grade level.
 2. Continued Attendance of a Pupil Admitted Based Upon Parental Employment
The second question concerns a student who has been admitted to an elementary school on the basis of a parent's employment within the district. May the pupil's continued attendance be denied by the school district due to its school facilities being overcrowded at the relevant grade level? We conclude that continued attendance may not be denied due to a lack of classrooms.
As quoted above, subdivision (f)(7) of section 48204 controls our analysis. Conditions (1) through (6) of subdivision (f) refer to the initial transfer and admission of the pupil due to parental employment. Once admitted in compliance with those conditions, subdivision (f)(7) requires that the child be treated like any other child residing within the district, assuming the parent maintains employment within the district. "[T]he pupil shall not have to reapply in the next school year to attend a school within that school district and the district governing board shall allow the pupil to attend school through the 12th grade in that district if the parent or guardian so chooses. . . ." (§48204, subd. (f)(7).)
When subdivision (f)(7) of section 48204 was amended in 1994 (Stats. 1994, ch. 1262, § 1) to add the language in question, the committee reports concerning the proposed legislation described the Legislature's intent as follows: the legislation "would provide that a pupil whose parent or guardian is employed in a given school district may continue to attend school in that district through the twelfth grade" (Assem. Com. on Education, Rep. on Assem. Bill No. 2768 (1993-1994 Reg. Sess.) as amended April 4, 1994, p. 1), and "[t]his bill provides that a pupil whose parent or guardian is employed in a given school district may continue to attend school in that district through the twelfth grade" (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2768 (1993-1994 Reg.Sess.) as amended August 27, 1994, p. 2).
Once admitted, therefore, a pupil of a parent who is employed within the school district's area may continue to attend the schools of the district through the twelfth grade "if the parent or guardian so chooses." (§ 48204, subd. (f)(7).) Of course, the admission of a pupil for reasons of parental employment is only available for "[a]n elementary school pupil." (§ 48204, subd. (f).) The subdivision has no application to school districts that do not maintain an elementary school. Moreover, not all school districts maintaining elementary schools also provide grade levels beyond the sixth grade. Subdivision (f)(7) of section 48204 allows "the pupil to attend school through the 12th grade" only when the particular school district has already admitted the pupil for parental employment reasons and maintains grades beyond the elementary school level. Finally, the pupil is "deemed" to be a resident of the school district due to the parental employment. If parental employment within the school district ceases, the "deemed" residence ceases as well.
We conclude in answer to the second question that a school district that has admitted an elementary school pupil on the basis of a parent's employment within the district may not deny the pupil continued attendance at a school within the district because of overcrowded school facilities at the relevant grade level.
 3. Interdistrict Attendance Agreements Based Upon Child Care Needs
The third question to be resolved concerns the language of section48204, subdivision (b), which allows a pupil to be deemed a resident of a school district under an interdistrict attendance agreement based upon the child care needs of the pupil. May a school district deny all applications for such agreements that are based upon child care needs if the reason for the denial is a lack of classroom space? We conclude that it may.
The key statute controlling our analysis is section 46601.5, quoted above, which is incorporated by reference in section 48204, subdivision (b). When a pupil's parent requests approval of an interdistrict attendance agreement, the district "shall, in considering that request, give consideration to the child care needs of the pupil." (§ 46601.5, subd. (a).)
Nothing in section 46601.5 requires a school district to enter into an interdistrict attendance agreement if the district does not have the classroom space for the pupil. Just as requests for transfers based upon parental employment may be denied due to a lack of classroom facilities, so also may execution of an interdistrict attendance agreement be denied for such reason. A school district is not required to provide classrooms for pupils who do not reside in the district even though they may have child care needs within the district. A lack of school facilities is a justifiable reason for a denial of any and all interdistrict attendance agreement requests.
We conclude in answer to the third question that a school district may deny all applications for interdistrict attendance agreements that are based upon the child care needs of the pupil where the reason for the rejection is that the district's school facilities are overcrowded at the relevant grade level.
 4. Continued Attendance of a Pupil Admitted Based Upon Child Care Needs
The final question to be considered concerns a pupil who has been admitted by a school district under an interdistrict attendance agreement based upon the child care needs of the pupil. May the district, due to the existence of overcrowded school facilities, deny the pupil continued attendance at its schools? We conclude that it may not.
As with pupils who attend a school based upon parental employment, pupils who attend a school based upon their child care needs are deemed to be residents of the school district. (§ 48204.) While the child care needs remain, the pupil may continue to attend as a "deemed" resident of the district.
However, a slight distinction has been drawn by the Legislature between parental employment situations and child care needs situations with respect to continued attendance of those previously admitted. As discussed in answer to the second question, admission based upon parental employment obligates only the school district that initially admitted the pupil; that district must accept continued attendance through the twelfth grade, if available, for those whose parent remains employed within the district. Admission based upon child care needs, however, not only obligates the district that admitted the pupil (§ 46601.5, subd. (b)), but also "any high school district whose feeder elementary school has entered into an agreement . . . ." (§ 46601.5, subd. (c)). As long as the pupil continues to require child care, such high school district "shall allow that pupil to continue to attend school through the 12th grade . . . ." (Ibid.)
While it is true that an interdistrict attendance "agreement shall stipulate the terms and conditions under which interdistrict attendance shall be permitted or denied" (§ 46600, subd. (a)), we do not believe that school districts may contract away their statutory responsibilities. Rather, the terms of each agreement must be consistent with those mandatory duties of a district that are specified by the Legislature. In this manner, the related statutes may be read together and harmonized.5
Our construction of section 48204 and the statutes it references provides some degree of consistency in the legislation regarding parental employment and child care needs outside the district of residence. The needs of the parents in both situations are essentially the same, and the needs of the pupils in establishing and maintaining continuity in their educational programs are substantially similar. We recognize that not all the language of these statutes, particularly the phrase "subject to paragraphs (1) to (6), inclusive, of subdivision (f) of Section48204," may have significant meaning under our interpretation. However, we believe our interpretation provides "a practical construction" that does "not readily imply an unreasonable legislative purpose." (See California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1147.)
We conclude in answer to the fourth question that a school district that has entered into an interdistrict attendance agreement based upon the child care needs of the pupil may not deny continued attendance at a school within the district because of overcrowded school facilities at the relevant grade level.
 * * * * *
5 A well recognized principle of statutory construction is that "`[words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991) 53 Cal.3d 315, 323.)
[1] All references hereafter to the Education Code are by section number only.
[2] The scope of this opinion is limited to a discussion of section48204, subdivisions (b) and (f).
[3] In construing a statute, we are to effectuate the Legislature's purposes by giving the words "the meaning they bear in ordinary use." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.)
[4] "[W]hen a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with the specific enumeration." (Norfolk Western R. Co. v. Train Dispatchers (1991) 499 U.S. 117, 129 [111 S.Ct. 1156, 1163, 113 L.Ed.2d 95, 107].) This is a restatement of the rule attributed to Lord Tenterden, i.e., ejusdem generis: " ` "[W]here general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." ' " (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1160.)