BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE SAM AANESTAD, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a licensed contractor employ a person whose contractor's license has been revoked by the Contractors' State License Board?
 CONCLUSION
A licensed contractor may employ a person whose contractor's license has been revoked by the Contractors' State License Board.
 ANALYSIS
We are asked whether a person whose contractor's license has been revoked by the Contractors' State License Board (Bus. Prof. Code, § 7000.5; "Board")[1] may be employed by a licensed contractor. We conclude that employment is not generally prohibited even though the person's license has been revoked.
The licensing and regulation of contractors in California is governed by the Contractors' State License Law (§§ 7000-7 199). In order to act as a "contractor" (§ 7026),[2] a person must possess a contractor's license unless specifically exempt from licensure. (§ 7028, subd. (a); 59 Ops.Cal.Atty.Gen. 424, 427 (1976); 43 Ops.Cal.Atty.Gen. 115, 116 (1964).) "[T]he purpose of the Contractors' State License Law is to protect the public against the perils of contracting with dishonest or incompetent contractors. [Citations.]" ( Viking Pools, Inc. v. Maloney (1989)48 Cal.3d 602, 606-607; see also Hydrotech Systems, Ltd v. Oasis Waterpark (1991) 52 Cal.3d 988, 995; Hughes v. Board of Architectural Examiners (1998) 17 Cal.4th 763, 786; Tehis v. Contractors "State License Board(2000) 79 Cal.App.4th 153, 164; 65 Ops.Cal.Atty.Gen. 25, 26 (1982).)
A licensed contractor may have his or her license renewal application denied or license suspended or revoked for acts or omissions constituting grounds for disciplinary action (§ 7090) or for violations of the Board's regulations (Cal. Code Regs., tit. 16, § 16:860). (See also § 7115; 65 Ops.Cal.Atty.Gen., supra, at pp. 26-27.) The key statute requiring our interpretation is section 7121, which provides as follows:
"Any person who has been denied a license, or who has had his license revoked, or whose license is under suspension, or who has failed to renew his license while it was under suspension, or who has been a member, officer, director, or associate of any partnership, corporation, firm or association whose application for a license has been denied, or whose license has been revoked, or whose license is under suspension, or who has failed to renew a license while it was under suspension, and while acting as such member, officer, director, or associate had knowledge of or participated in any of the prohibited acts for which the license was denied, suspended or revoked, shall be prohibited from serving as an officer, director, associate, partner or qualifying individual of a licensee, and the employment, election or association of such person by a licensee shall constitute grounds for disciplinary action." (Italics added.)
Similarly, section 7121.5, which applies to "qualifying individuals, "[3]
provides:
"Any person who was the qualifying individual on a revoked license, or of a license under suspension, or of a license that was not renewed while it was under suspension, shall be prohibited from serving as an officer, director, associate, partner, or qualifying individual of a licensee, whether or not the individual had knowledge of or participated in the prohibited acts or omissions for which the license was revoked, or suspended, and the employment, election, or association of such person by a licensee shall constitute grounds for disciplinary action." (Italics added.)[4]
Section 7121 contains, in effect, two prohibitions. The first is directed at persons with revoked contractor's licenses (and certain others). The second is directed at licensed contractors and includes the term "employment." The first prohibition prevents a revoked contractor from serving as an "officer, director, associate, partner, or qualifying individual" of a licensed contractor. The Legislature did not include the position of employee" in this first prohibition. Had the Legislature intended to prohibit a revoked contractor from working as an employee of a licensed contractor, it easily could have done so. Under the doctrine of statutory construction, expressio unius est exclusio alterius, " "the expression of certain things in a statute necessarily involves exclusion of other things not expressed. . . .' [Citation.]" (Dyna-Med, Inc. v. Fair Employment Housing Commission (1987) 43 Cal.3d 1379, 1391, fn. 13.) "Employment" is not a proscribed activity under section 7121 's first prohibition directed at revoked contractors.
The positions listed in the first prohibition of section 7121 share common characteristics. They are all responsible ownership or management positions involving the exercise of authority and control over the construction activities of others. Officers and directors are positions of authority and control in the management of corporations. (See Corp. Code, §§ 155, 160, subd. (a), 164, 300, subd. (a), 312, 313; Lynip v. Alturas School Dist. (1915) 29 Cal.App. 158, 161-162.) Likewise, the position of "associate," when read together with the other prohibited positions identified in section 7121, is properly understood to mean an executive or policymaking position. (See West v. California (1986) 181 Cal.App.3d 753, 762.) The position of "partner" is one of co-ownership and, generally, one of management as well. (Corp. Code, §§ 16101, subds. (7), (10), 16401, subds. (b) and (f).) Finally, the position of "qualifying individual" is unquestionably one of supervision and control of the employer's or principal's construction operations. (§ 7068.1.) It is apparent, therefore, that section 7121's prohibition directed at revoked contractors is limited to serving in a responsible ownership or management position for a licensed contractor. A revoked contractor would not violate the statute by being an "employee" of a licensed contractor.
How, then, is section 7121's second prohibition directed at licensed contractors concerning the "employment" of revoked contractors to be interpreted? Does this prohibition mean that only the licensee would violate the statute, not the revoked contractor, when any type of employment relationship is established? We decline to interpret section 7121 in such a manner.
The governing principle of statutory interpretation "is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.]" (Day v. City of Fontana (2001) 25 Cal.4th 268,272.) ""Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.' [Citation.]" (Woods v. Young (1991) 53 Cal.3d 315, 323.) We are directed to" "select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation]." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977-978.)
Applying these principles of construction, we may harmonize section 7121's various provisions to accomplish the statute's purpose while avoiding unreasonable consequences. The term "employment" for purposes of the second prohibition contained in section 7121 means employment in a responsible management position. Such definition of the term not only provides consistency with the first prohibition directed at revoked contractors ("prohibited from serving as an officer, director, associate, partner or qualifying individual of a license"), but also with the remainder of the second prohibition directed at licensed contractors ("election or association of such person by a licensee"). It is evident that the word "election" refers to the election of a director of a licensed corporation. (See Corp. Code, §§ 301, 301.5, , 305, subd. (b).) Similarly, the word "association" refers to a partner in a partnership. (See Corp. Code, § 16202, subd. (a) ["the association of two or more persons to carry on as co-owners a business for profit forms a partnership, .. ."]; see also § 7076, subd. (c) ["A partnership license shall be canceled upon the disassociation of a partner ."].) Thus, the terms "election" and "association" in the second prohibition of section 7121 denote positions that may be characterized as responsible management positions.[5]
Moreover, it would appear anomalous for the Legislature to prohibit licensed contractors from employing revoked contractors when employees of licensed contractors are not subject to the requirements of the Contractors' State License Law. (§ 7053.)[6] The evident purpose of section 7121 is to prevent revoked contractors from being associated with licensed contractors in situations that would require a license. In contrast, a broad interpretation of the term "employment" in section 7121 would preclude a revoked contractor from performing any type of work for a licensed contractor, including activities not covered by the Contractors' State License Law. Such an interpretation of the second prohibition would be inconsistent with the remainder of the statute and its apparent purpose.
Finally, our construction of section 7121 in harmonizing its provisions and avoiding absurd results is supported by the longstanding administrative practice of the Board. "Unless unreasonable, or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference." (Dix v. Superior Court (1991) 53 Cal.3d 442, 460; see People ex rel. Lungren v. Superior Court (1996) 14 Cal.4th 294, 309; 83 Ops.Cal.Atty.Gen. 40, 44 (2000), 80 Ops.Cal.Atty.Gen. 322, 326-327 (1997).)
We thus conclude that a licensed contractor may employ a person whose contractor's license has been revoked by the Board. The revoked contractor may not be an officer, director, associate, partner, or qualifying individual of the licensee. If the person's employment involves activities regulated by the Contractors' State License Law, he or she must receive only wages as his or her sole compensation, must not customarily engage in an independently established business, and must not have the right to control or discretion as to the manner of performance so as to determine the final results of the work performed.
[1] All further section references are to the Business and Professions Code.
[2] For purposes of classification, there are three branches of contractors in California: general engineering contractors (§ 7056), general building contractors (§ 7057), and specialty contractors (§ 7058). (§ 7055.) Pursuant to legislative authorization (§ 7059, subd. (a)), the Board has established numerous classifications of speciality contractors by regulation (Cal. Code Regs., tit. 16, §§16:832-16:832.61; see also 59 Ops.Cal.Atty.Gen. 424, 426 (1976)). Contractors licensed in one classification are prohibited from contracting in another classification without the proper license. (Cal. Code Regs., tit. 16, § 16:830, subd. (b); see also § 7117.6.) Speciality contractors, however, are permitted to work outside of their particular speciality classification in order to complete work which is "incidental and supplemental" to that which the specialty contractor is licensed to perform. (§ 7059; Cal. Code Regs., tit. 16, §§ 16:831, 834, subd. (c).)
[3] A "qualifying individual" for purposes of licensure is a person who is "responsible for exercising that direct supervision and control of his or her employer's or principal's construction operations as is necessary to secure full compliance with the provisions of... [the Contractors' State License Law] and the rules and regulations of the board relating to the construction operations." (§ 7068.1.)
[4] See also section 7085.6 (licensee who fails to comply with arbitration award "shall be automatically prohibited from serving as an officer, director, associate, partner, or qualifying individual of another licensees for the period determined by the registrar and the employment, election, or association of such a person by another licensee shall constitute grounds for disciplinary action") and section 7090.1 (similar "employment" prohibition applicable where the licensee is suspended for "failure to pay a civil penalty, or to comply with an order of correction or an order to pay a specified sum to an injured party in lieu of correction"). Our analysis of the terms of section 7121 applies equally to the similar language of sections 7085.6, 7090.1 and 7121.5.
[5] We have found nothing in the legislative history of section 7121 (Stats. 1941, ch. 971, p. 2607; Stats. 1983, ch. 891, § 29) that would support a broad interpretation of the term "employment."
[6] If an employee of a licensed contractor is engaged in activities regulated by the Contractor's State License Law, a contractor's license would not be necessary if he or she "receives wages as his or her sole compensation, does not customarily engage in an independently established business, and does not have the right to control or discretion as to the manner of performance so as to determine the final results of the work performed." (§ 7053.) Since a revoked contractor in the circumstances presented would not have a license, he or she would need to comply with these requirements of section 7053 when performing any of the activities regulated by the Board. The requirements of section 7053 represent nothing more than the typical indicia of an employment relationship. (See Tieberg v. Unemployment Ins. App. Bd (1970) 2 Cal.3d 943, 946.)