BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE DARIO FROMMER, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Under the Stop Tobacco Access to Kids Enforcement Act, what constitutes an "appropriate database of government records" that may be used by a distributor, direct marketing firm, or other entity for the purpose of verifying the age of a purchaser of tobacco products?
 CONCLUSION
Under the Stop Tobacco Access to Kids Enforcement Act, an "appropriate database of government records" that may be used by a distributor, direct marketing firm, or other entity for the purpose of verifying the age of a purchaser of tobacco products is a compilation of information obtained from records maintained by a local, state, or federal government agency that provides evidence of whether a person's age is 18 years or older.
 ANALYSIS
In 1994, the Legislature enacted the Stop Tobacco Access to Kids Enforcement Act (Bus. Prof. Code, §§ 22950
-22963; "Act")[1]
to help prevent the purchase and use of tobacco products by minors. Section 22951 states:
 "The Legislature finds and declares that reducing and eventually eliminating the illegal purchase and consumption of tobacco products by minors is critical to ensuring the long-term health of our state's citizens. Accordingly, California must fully comply with federal regulations, particularly the `Synar Amendment,' that restrict tobacco sales to minors and require states to vigorously enforce their laws prohibiting the sale and distribution of tobacco products to persons under 18 years of age."[2]
In 2002, the Act was amended to prohibit persons from distributing or selling tobacco products to a minor through the mail or similar delivery service. As relevant to our inquiry, section 22963
provides in part:
 "(a) The distribution or sale of tobacco products directly or indirectly to any person under the age of 18 years through the United States Postal Service or through any other public or private postal or package delivery service at locations, including, but not limited to, public mailboxes and mailbox stores, is prohibited.
 "(b) Any person selling or distributing tobacco products directly to a consumer in the state through the United States Postal Service or by any other public or private postal or package delivery service, including orders placed by mail, telephone, facsimile transmission, or the Internet, shall comply with the following provisions:
 "(1)(A) Before enrolling a person as a customer or distributing or selling the tobacco product through any of these means, the distributor or seller shall verify that the purchaser is 18 years of age or older. The distributor or seller shall attempt to match the name, address, and date of birth provided by the customer to information contained in records in a database of individuals whose age has been verified to be 18 years or older by reference to an appropriate database of government records kept by the distributor, a direct marketing firm, or any other entity. The distributor or seller shall also verify that the billing address on the check or credit card offered for payment by the purchaser matches the address listed in the database.
 "(B) If the distributor or seller is unable to verify that the purchaser is 18 years of age or older pursuant to subparagraph (A), he or she shall require the customer to submit an age-verification kit consisting of an attestation signed by the customer that he or she is 18 years of age or older and a copy of a valid form of government identification. For the purposes of this section, a valid form of government identification includes a driver' s license, state identification card, passport, an official naturalization or immigration document, such as an alien registration receipt card (commonly known as a `green card') or an immigrant visa, or military identification. The distributor or seller shall also verify that the billing address on the check or credit card provided by the consumer matches the address listed in the form of government identification." (Italics added.)[3]
The question presented for resolution concerns the age verification provisions of section 22963, subdivision (b)(1)(A). What is meant by the phrase "appropriate database of government records" that may be kept by a distributor, direct marketing firm, or other entity from which a tobacco purchaser's age may be verified? We conclude that the phrase means a compilation of information obtained from records maintained by a government agency from which a person's age may be ascertained to be at least 18.
In analyzing the terms of section 22963, we apply well recognized principles of statutory construction. "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]" (Hunt v. Superior Court (1999) 21 Cal.4th 984, 1000.) "`In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning.'" (Curie v. Superior Court (2001) 24 Cal.4th 1057,1063.) Portions of a statute are to be read in the context of the entire statute, harmonizing the provisions and giving significance to every word, phrase and sentence in pursuance of the legislative purpose. (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997)14 Cal.4th 627, 634; DuBois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 388; Woods v. Young (1991) 53 Cal.3d 315,323.) Moreover, legislative committee reports are often useful in determining the Legislature's intent. (People v. Cruz (1996)13 Cal.4th 764, 773-774, fn. 5.)
Applying these principles of statutory construction to the phrase "appropriate database of government records," we find first that the word "appropriate" in this context means "specially suitable." (Webster's 3d New Internat. Dict. (1971) p. 106.) Thus, an "appropriate" database of government records would be one that is suitable for its intended use in furtherance of the statutory purpose. Here, the database is to be used to facilitate age verification of a potential customer. of course, not all government records disclose information regarding a person's age. Those government records from which it may be ascertained that the customer is an adult would qualify as "appropriate" to the statutory purpose.[4]
With respect to the term "database," it may generally be defined as a comprehensive collection of related information organized for rapid search and retrieval by a computer. (Webster's Unabridged Dict. (2d ed. 1997) p. 508.) In this case, the information would come from government records that a person has compiled for ready access and retrieval.
The term "government" for purposes of section 22963
may be defined to include any government agency at the local (e.g., cities and counties), state, or federal level. (See § 22963, subd. (b)(1)(B); cf. Gov. Code, §§ 811.2,6252.) The statute does not exclude any government agency as long as the agency maintains records from which a person's age may be ascertained to be 18 or over.
Finally, the term "records" may reasonably be defined to include any writing containing information maintained by any local, state, or federal agency regardless of its physical form or characteristics. (Cf. Gov. Code, § 6252, subd. (e) ["public records"].)
With these various definitions in mind, were turn to the general provisions of section 22963 and particularly to those that describe the forms of government identification acceptable for age verification. "For purposes of this section, a valid form of government identification includes a driver's license, state identification card, passport, an official naturalization or immigration document, such as an alien registration receipt card (commonly known as a `green card') or an immigration visa, or military identification." (§ 22963, subd. (b)(1)(B).) A database of information compiled from any of these government records would clearly meet the statutory requirement of an "appropriate database of government records," as would a database compiled from, for example, voter registration records or birth certificate records. While we recognize that personal information, including a person's age, contained in many government records is not available to the public due to privacy concerns (see Elec. Code, § 2194; Veh. Code, § 1808.21), section 22963
plainly limits databases to those compiled from records maintained by a government agency. Hence, a database compiled from records pertaining to such information as credit card transactions, credit reports, magazine subscriptions, consumer surveys, banking transactions, newspaper archives, and telephone and other public utility services that are maintained by private entities may not be used to verify a purchaser's age under the terms of section 22963.
Significantly, even when a particular purchaser's age cannot be ascertained by the seller's reference to an appropriate database compiled from government records, the sales transaction may still take place. The purchaser need only submit, along with a signed attestation, a valid form of government identification (§ 22963, subd. (b)(1)(B)), which can then be entered into the seller's database for future sales to the customer.
We have examined in detail the legislative history of section22963 (Stats. 2002, ch. 685, § 1) and have found no suggestion that information from records other than government maintained records may be used to verify the age of a purchaser. While a seller may maintain a database compiled from non-government records for other purposes, such information may not be part of a seller's database of government records if to do so would allow information from the non-government records to be used for age verification purposes.
We conclude that under the Act, an "appropriate database of government records" that may be used by a distributor, direct marketing firm, or other entity for the purpose of verifying the age of a purchaser of tobacco products is a compilation of information obtained from records maintained by a local, state, or federal government agency that provides evidence of whether a person's age is 18 years or older.
[1] All further statutory section references are to the Business and Professions Code unless otherwise indicated.
[2] The federal "Synar Amendment" (42 U.S.C. § 300x-26) was enacted in 1992 to require states, as a condition of receiving certain federal funds, to pass and enforce laws prohibiting the sale of tobacco to individuals under 18 years of age. Although Penal Code section 308, prohibiting the sale or furnishing of tobacco products to minors, was in effect at the time the Synar Amendment became law, its provisions alone did not meet the new federal enforcement standards. (See B C Enterprises, Ltd. v. US. (Fed. Cir. 2000) 220 F.3d 1318, 1320-1322.)
[3] For purposes of section 22963, "a `distributor' is any person or entity, within or outside the state, who agrees to distribute tobacco products to a customer within the state" and "a `seller' is any person or entity, within or outside the state, who agrees to sell tobacco products to a customer within the state." (§ 22963, subd. (e)(1), (e)(2).)
[4] We note that it would be unnecessary to determine a purchaser's exact age as long as it may be determined that the person is at least 18.