TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-309 |
| of | : | |
| | : | June 9, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY OF VENTURA COUNTY, has requested an opinion on the following question:

May a peace officer book (fingerprint and photograph) a minor for a violation of a city curfew ordinance?

## CONCLUSION

A peace officer may not book (fingerprint and photograph) a minor for a violation of a city curfew ordinance.

## ANALYSIS

We are asked to consider whether a peace officer may "book" a minor for violating a city curfew ordinance. "To `book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." (Pen. Code, § 7, subd. 21.) "Booking" thus requires transporting the arrested person to a police station or jail for fingerprinting and photographing. We conclude that a peace officer may not book a minor when the underlying offense is the violation of a city curfew ordinance. **Footnote No. 1**

A minor who violates a city curfew ordinance "is within the jurisdiction of the juvenile court." Welfare and Institutions Code section 601, subdivision (a) **Footnote No. 2** provides:

"Any person . . . who is under the age of 18 years when he or she violated any ordinance of any city or county of this state establishing a curfew based solely on age is within the jurisdiction of the juvenile court . . . ." **Footnote No. 3**

The consequence of such a determination is that a peace officer may take the minor "into temporary custody." Section 625 provides:

"A peace officer may, without a warrant, take into temporary custody a minor:

"(a) Who is under the age of 18 years when such officer has reasonable cause for believing that such minor is a person described in Section 601 . . . ."

To "take into temporary custody" is the functional equivalent of an arrest. "As `temporary custody' and `arrest' constitute essentially identical procedures we use those terms interchangeably and attach no particular significance to the use of either one." (*In re Thierry S.* (1977) 19 Cal.3d 727, 732, fn. 6.) Since a "booking" follows an "arrest" (Pen. Code, § 7, subd. 21), a minor conceivably may be booked for a violation of a city curfew ordinance unless the Legislature has indicated otherwise. We find that the Legislature *has* indicated otherwise.

Section 626 specifies the alternative actions available to a peace officer who takes into temporary custody a minor who has violated a city curfew ordinance. Section 626 states:

"An officer who takes a minor into temporary custody under the provisions of Section 625 may do any of the following:

"(a) Release the minor.

"(b) Deliver or refer the minor to a public or private agency with which the city or county has an agreement or plan to provide shelter care, counseling, or diversion services to minors so delivered.

"(c) Prepare in duplicate a written notice to appear before the probation officer of the county in which the minor was taken into custody at a time and place specified in the notice. The notice shall also contain a concise statement of the reasons the minor was taken into custody. The officer shall deliver one copy of the notice to the minor or to a parent, guardian, or responsible relative of the minor and may require the minor or the minor's parent, guardian, or relative, or both, to sign a written promise to appear at the time and place designated in the notice. Upon the execution of the promise to appear, the officer shall immediately release the minor. The officer shall, as soon as practicable, file one copy of the notice with the probation officer.

"(d) Take the minor without unnecessary delay before the probation officer of the county in which the minor was taken into custody, or in which the minor resides, or in which the acts take place or the circumstances exist which are alleged to bring the minor within the provisions of Section 601 or 602, and deliver the custody of the minor to the probation officer. The peace officer shall prepare a concise written statement of the probable cause for taking the minor into temporary custody and the reasons the minor was taken into custody and shall provide the statement to the probation officer at the time the minor is delivered to the probation officer. In no case shall the officer delay the delivery of the minor to the probation officer for more than 24 hours if the minor has been taken into custody without a warrant on the belief that the minor has committed a misdemeanor.

"In determining which disposition of the minor to make, the officer shall prefer the alternative which least restricts the minor's freedom of movement, provided that alternative is compatible with the best interests of the minor and the community." **Footnote No. 4**

Section 626.5 additionally provides:

"If an officer who takes a minor into temporary custody under the provisions of Section 625 determines that the minor should be brought to the attention of the juvenile court, he

or she shall thereafter take one of the following actions:

"(a) He or she may prepare in duplicate a written notice to appear before the probation officer of the county in which the minor was taken in custody at a time and place specified in the notice. The notice shall also contain a concise statement of the reasons the minor was taken into custody. The officer shall deliver one copy of the notice to the minor or to a parent, guardian, or responsible relative of the minor and may require the minor or his or her parent, guardian, or relative, or both, to sign a written promise that either or both will appear at the time and place designated in the notice. Upon the execution of the promise to appear, the officer shall immediately release the minor. The officer shall, as soon as practicable, file one copy of the notice with the probation officer.

"(b) He or she may take the minor without unnecessary delay before the probation officer of the county in which the minor was taken into custody, or in which the minor resides, or in which the acts took place or the circumstances exist which are alleged to bring the minor within the provisions of Section 601 or 602, and deliver the custody of the minor to the probation officer. The peace officer shall prepare a concise written statement of the probable cause for taking the minor into temporary custody and the reasons the minor was taken into custody and shall provide that statement to the probation officer at the time the minor is delivered to the probation officer. In no case shall he or she delay the delivery of the minor to the probation officer for more than 24 hours if the minor has been taken into custody without a warrant on the belief that he or she has committed a misdemeanor.

"In determining which disposition of the minor he or she will make, the officer shall prefer the alternative which least restricts the minor's freedom of movement, provided that alternative is compatible with the best interests of the minor and the community."

Finally, section 625.5 is a special statute dealing solely with curfew violations by minors. It is applicable to any city or county that adopts a resolution implementing it. Section 625.5 states:

"(a) It is the intent of the Legislature in enacting this section to accomplish the following purposes:

"(1) To safeguard the fiscal integrity of cities and counties by enabling them to recoup the law enforcement costs of identifying, detaining, and transporting minors who violate curfew ordinances to their places of residence.

"(2) To encourage parents and legal guardians to exercise reasonable care, supervision, and control over their minor children so as to prevent them from committing unlawful acts.

"(3) To help eradicate criminal street gang activity.

"(b) This section shall only apply to a city, county, or city and county in which the governing body of the city, county, or city and county has enacted an ordinance prohibiting minors from remaining in or upon the public streets unsupervised after hours and has adopted a resolution to implement this section.

"(c) Except as provided in subdivision (d), law enforcement personnel are authorized to temporarily detain any minor upon a reasonable suspicion based on articulable facts that the minor is in violation of the ordinance described in subdivision (b) and to transport that minor to his or her place of permanent or temporary residence within the state, whether the place of residence is located within or without the jurisdiction of the governing body, or to the custody of

his or her parents or legal guardian. A law enforcement officer may decide not to temporarily detain and transport a minor if he or she determines that the minor has a legitimate reason based on extenuating circumstances for violating the ordinance.

"(d) Upon the first violation of the ordinance described in subdivision (b), the law enforcement officer shall issue to the minor a warning citation regarding the consequences of a second violation of the ordinance. A designated representative of the governmental entity issuing the citation shall mail to the parents of the minor or legal guardian a notification that states that upon a second violation, the parents or legal guardian may be held liable for actual administrative and transportation costs, and that requires the parents or legal guardian to sign and return the notification. This notification shall include a space for the explanation of any circumstances relevant to an applicable exemption from the fee as provided by subdivision (e). This explanation shall be reviewed by a designated representative of the governmental entity that issued the citation and notification. If the explanation is found to be insufficient, the representative may request a consultation with the parents or legal guardian for the purpose of discussing the circumstances claimed to be relevant to an applicable exemption.

"(e) A fee for the actual costs of administrative and transportation services for the return of the minor to his or her place of residence, or to the custody of his or her parents or legal guardian, may be charged jointly or severally to the minor, his or her parents, or legal guardian, in an amount not to exceed those actual costs. Upon petition of the person required to pay the fee, the governmental entity issuing the citation shall conduct a hearing as to the validity of the fees charged, and may waive payment of the fee by the minor, his or her parents, or legal guardian, upon a finding of good cause. If authorized by the governing body, the city, county, or city and county may charge this fee, in which case the city, county, or city and county may (1) provide for waiver of the payment of the fee by the parents or legal guardian upon a determination that the person has made reasonable efforts to exercise supervision and control over the minor, (2) provide for a determination of the ability to pay the fee and provide that the fee may be waived if neither the minor nor the parents or legal guardian has the ability to pay the fee, (3) provide for the performance of community service in lieu of imposition of the fee, and (4) provide for waiver of the payment of the fee by the parents or legal guardian upon a determination that the parents or legal guardian has limited physical or legal custody and control of the minor.

"(f) In a civil action commenced by a city, county, or city and county to collect the fee, a court may waive payment of the fee by the minor, his or her parents, or legal guardian, upon a finding of good cause."

Applying these statutes to the question presented, we rely upon well-settled principles of statutory interpretation. A specific statute will control a more general law. (Code Civ. Proc., § 1859; *Woods* v. *Young* (1991) 53 Cal.3d 315, 325 ["`specific provision relating to a particular subject will govern a general provision'"].) Under the doctrine of *expressio unius est exclusio alterius* ["the expression of certain things in a statute necessarily involves exclusion of other things not expressed"], a statute is to be restricted to its express terms and to that which may reasonably be implied therefrom. (See *Henderson* v. *Mann Theatres Corp.* (1976) 65 Cal.App.3d 397, 403.) "`"In the grants [of powers] and in the regulation of the mode of exercise, there is an implied negative; an implication that no other than the expressly granted power passes by the grant; that it is to be exercised only in the prescribed mode . . . ."'" (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 196; see also *People* v. *Zamora* (1980) 28 Cal.3d 88, 98.) It is a "cardinal rule that a statute `. . . is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.)

Accordingly, we follow here the express terms of sections 625.5, 626, and 626.5 dealing with curfew violations rather than the more general criminal statutes of the Penal Code. A peace officer may take a minor into temporary custody for violating a city curfew ordinance and (1) release him, (2) deliver or refer the minor to an agency for shelter, counseling, or other services, (3) issue a written notice to appear before a probation officer, (4) take the minor to a probation officer, (5) transport the minor to his residence, or (6) issue a warning citation, depending upon the particular circumstances. No authority is granted in these specific and controlling statutes to book the minor at a police station or jail. Indeed, the Legislature has made clear that the peace officer is to "prefer the alternative which least restricts the minor's freedom of movement, provided that alternative is compatible with the best interests of the minor and the community." (§§ 626, subd. (d), 626.5, subd. (b).) **Footnote No. 5**

We conclude that a peace officer may not book (fingerprint and photograph) a minor for a violation of a city curfew ordinance.

\* \* \* \* \*

**Footnote No. 1**
We assume for purposes of this opinion that the minor has appropriate personal identification and only the violation of the curfew ordinance is in question.
**Footnote No. 2**
All references hereafter to the Welfare and Institutions Code are by section number only.
**Footnote No. 3**
We assume for purposes of this opinion that the city curfew ordinance in question is "based solely on age."
**Footnote No. 4**
Subdivision (d) of section 601 also authorizes a peace officer to "issue a notice to appear to a minor who is within the jurisdiction of the juvenile court" for violating a city or county curfew ordinance.
**Footnote No. 5**
Curfew violations by minors are thus treated similarly to routine traffic violations. (See *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186, 210 [routine Vehicle Code violations not subject to booking process].)