Filed 3/5/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARYJANE SELVIDGE et al., | C083427 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201500174548) |
| v. | |
| SULLYVAN W. TANG, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Raymond M. Cadei, Judge.  Reversed with directions.

Klinedinst PC, Betsy S. Kimball and Andrew J. Alfonso, for Plaintiffs and Appellants.

Low McKinley Baleria & Salenko, LLP, Thomas M. Gaberson, for Defendant and Respondent.

This appeal asks us to determine whether mailing a notice of intent to file an action to a physician's address of record with the Medical Board of California (the medical board) provides adequate notification of a potential medical malpractice suit

1

under the Medical Injury Compensation Reform Act.[1] We determine that it does and accordingly reverse the trial court's determination to the contrary.

FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2013, Vincent Selvidge died of a heart attack. His surviving wife and children (plaintiffs) sought to sue defendant, a physician who treated Selvidge, for medical malpractice.[2]

Plaintiffs filed their suit on January 28, 2015; 85 days after the one-year statute of limitations to bring a medical malpractice claim had expired. (Code Civ. Proc.,[3] § 340.5.) Defendant moved for summary judgment on the ground that the suit was untimely. Plaintiffs claimed they were entitled to tolling of the limitation period for 90 days pursuant to section 364 because they provided notice to defendant on October 24, 2014, of their intention to sue him. By their reasoning, the statute of limitations did not expire until February 2, 2015, and their suit was timely.

To prove they provided notice to defendant, plaintiffs submitted a declaration from the legal assistant to plaintiffs' attorney. She declared under penalty of perjury that she "caused to be placed in the United States mail" a notice of intent to file an action against defendant on October 24, 2014. She mailed the notice of intent to a Southern California address listed for defendant on the medical board's Web site. She also called the facility in Rancho Cordova where defendant had treated Selvidge and learned defendant was no longer an employee. Although the legal assistant declared that the notice was not

---

[1] Statutes 1975, Second Extraordinary Session 1975-1976, chapters 1 and 2.

[2] Plaintiffs also sued defendant's medical corporation. That suit is pending in the superior court and not part of this appeal.

[3] All further section references are to the Code of Civil Procedure unless otherwise indicated.

returned as undelivered, she did not send the letter by certified mail or prepare a proof of service.

Defendant claims to have never received the notice of intent. The address he provided to the medical board, and to which the letter was mailed, was not defendant's residence but an address he used for billing purposes. The address was owned by a business service company that received mail on behalf of defendant and his medical corporation, to which he was the sole employee. In October of 2014, defendant estimated he checked his mailbox at the address he provided to the medical board once or twice a month.

The trial court granted defendant's summary judgment motion. It found that because defendant did not have actual notice of plaintiffs' intention to file an action against him, plaintiffs were required to comply with the mailing provisions found in section 1013, subdivision (a). The trial court declined to rule on defendant's evidentiary objection to the legal assistant's declaration because it was irrelevant to its ruling.

## DISCUSSION

"The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) "A defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to the cause of action." (*Id*., subd. (p)(2).) "The statute of limitations operates in an action as an affirmative defense." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396.) When the undisputed facts show the claim is untimely, "summary judgment is proper." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112.) We review the trial court's grant of summary judgment de novo. (*State of California v. Allstate Ins. Co.* (2009) 45 Cal.4th 1008, 1017-1018.)

3

The statute of limitations to file a medical malpractice claim is "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (§ 340.5.)  The Medical Injury Compensation Reform Act (the Act) provides that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action" and "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days . . . ."  (§ 364, subds. (a), (d); see *Woods v. Young* (1991) 53 Cal.3d 315, 328.)

The Act provides for no particular form of notice; however, courts have recognized that the purpose of the Act -- effectuating prelitigation settlements -- can only be achieved through actual notice.  (§ 364, subd. (b); *Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300, 308 (*Jones*); *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1559; *Godwin v. City of Bellflower* (1992) 5 Cal.App.4th 1625, 1630-1631.)  So while the language of the Act does not require actual notice, "the test is whether plaintiff took adequate steps to achieve actual notice." (*Jones*, at p. 308; see *Silver v. McNamee* (1999) 69 Cal.App.4th 269, 283.)  Because the Act explicitly permits notice to be "served in the manner prescribed in Chapter 5 (commencing with Section 1010) of Title 14 of Part 2" courts have presumed actual notice when a plaintiff mailed a notice of intent to the defendant in strict compliance with section 1013's mailing provisions.  (§ 364, subd. (c); *Jones*, at p. 309; *Silver*, at p. 273.)

Here, plaintiffs did not comply with section 1013's mailing provisions because they did not mail the prelitigation notice of intent to defendant's residence.  (§ 1013, subd. (a).)  The question is whether conduct short of complying with section 1013 could ever be sufficient to satisfy the Act's notice requirement when the medical professional never received actual notice.  Our review of the relevant cases convinces us that when a

4

plaintiff mails a notice of intent to file an action to the address a medical professional provided to the medical board for the purpose of receiving mail, he or she has provided adequate notice.

The most recent published case on the subject before us is *Jones*. In *Jones*, the plaintiff communicated with the defendant through fax on multiple occasions and knew the defendant received documents transmitted to him via fax. (*Jones*, *supra*, 147 Cal.App.4th at pp. 303-304, 309.) Before the statute of limitations expired, the plaintiff faxed a notice of intent to the defendant but without first complying with the provisions set forth in section 1013. The defendant did actually receive the notice, yet moved for summary judgment arguing the plaintiff was required to effectuate service pursuant to section 1013. (*Jones*, at pp. 304-305.) This court rejected that argument noting that the test under the Act was whether the plaintiff "took adequate steps to achieve actual notice." (*Id.* at p. 308.) It then analyzed whether plaintiff's conduct met the notice requirement of the Act and ruled that "[o]nce [the plaintiff] determined that [the defendant] would actually receive the notice of intent to sue if transmitted by fax, there was no need for [the plaintiff] to comply with . . . section 1013 . . . ." (*Jones*, at p. 309.)

The *Jones* court also, however, said "[w]here [a] plaintiff does not utilize section 1013 to serve notice of intent to sue under [the Act], [the] plaintiff must show the health care provider received actual notice." (*Jones*, *supra*, 147 Cal.App.4th at p. 308.) Defendant hangs his hat on this language to argue that because he did not receive actual notice of plaintiffs' intent to sue, plaintiffs were required to comply with section 1013 and serve him notice at his residence. At first glance, this argument seems to make sense; however, upon further inquiry we are not persuaded. Other than the cited language from *Jones*, which is dicta, defendant cites no authority for his argument and we see none. As stated, when determining whether the plaintiff met the notice requirements of the Act, the *Jones* court analyzed the plaintiff's conduct when attempting to effectuate notice. If indeed the test was actual notice or compliance with section 1013, then no further

5

analysis would be required because in *Jones*, the defendant received actual notice. Instead, the *Jones* court analyzed the plaintiff's conduct in effectuating notice and whether the defendant actually received notice did not factor into the analysis. (*Jones*, at p. 309.) Thus, we are confident that the test for whether proper notice was given under the Act is that which we originally announced in *Jones* -- "whether plaintiff took adequate steps to achieve actual notice." (*Id.* at p. 308, citing *Derderian v. Dietrick* (1997) 56 Cal.App.4th 892, 899; *Hanooka v. Pivko*, *supra*, 22 Cal.App.4th at p. 1559.)

One way to take adequate steps to achieve actual notice is to serve a notice of intent pursuant to section 1013. (*Silver v. McNamee*, *supra*, 69 Cal.App.4th at p. 273.) Another way is to first determine the defendant will actually receive the notice of intent if transmitted in a particular fashion. (*Jones*, *supra*, 147 Cal.App.4th at p. 309.) Conversely, courts have found inadequate steps when a plaintiff has relied on a third party to forward a notice of intent to a physician. (*Derderian v. Dietrick*, *supra*, 56 Cal.App.4th at p. 899 [inadequate to serve the address listed on the bill for services, which did not belong to the physician]; *Hanooka v. Pivko*, *supra*, 22 Cal.App.4th at pp. 1557, 1560 [inadequate to serve the hospital where the physicians had staff privileges but did not maintain medical offices]; *Godwin v. City of Bellflower*, *supra*, 5 Cal.App.4th at p. 1632 [inadequate to serve the hospital where the physicians worked without naming the physicians on the notice].)

Here, plaintiffs mailed their notice of intent directly to defendant at the address he provided to the medical board.[4] They did not rely on a third party to forward their notice or mail it to an address not directly associated with defendant. In fact, the address to which plaintiffs mailed the notice was the address defendant identified to the medical board as the address at which he could reliably be contacted. (Cal. Code Regs., tit. 16,

---

[4] It should be noted that plaintiffs also mailed their complaint to this address, and defendant actually received it.

6

§ 1303.)  As the *Derderian* court noted, any doubt as to where to mail a notice of intent "may be resolved by resorting to the public record of the Medical Board of California, Division of Medical Quality where physicians' current addresses are maintained in accordance with the law regulating medical doctors." (*Derderian v. Dietrick*, *supra*, 56 Cal.App.4th at p. 900.)  "If [a plaintiff] had given notice to [a defendant] at the address he is required to file with the Medical Board of California, he could hardly claim he did not receive actual notice." (*Ibid*.)

Defendant argues the *Derderian* court's reliance on the medical board's addresses of record does not stand the test of time because when the court made its decision, physicians generally provided the medical board with their home address thereby allowing for compliance with section 1013.  To seemingly bolster this point, defendant further argues that the *Derderian* court "explicitly noted that mailed service would require compliance with . . . sections 1010 *et seq*."  Not so.  *Derderian* did not require mailed service comply with section 1013 and this contention was explicitly rejected in *Jones*, which found service pursuant to section 1013 permissive and not mandatory. (*Jones*, *supra*, 147 Cal.App.4th at p. 307.)  Further, the *Derderian* court's discussion about the reliability of notice when mailing an intent letter to a physician's address of record did not turn on the fact that physicians provided their residential address to the medical board.  Indeed, the *Derderian* court explained that "a relatively current written communication from a physician to a patient bearing a letterhead showing an address should suffice as an accurate indication of where notice may be directed.  Also, a patient's firsthand knowledge based on visits to the physician's office, current listings and advertisement in professional and telephone directories and available on-line legal and medical research providers are all generally reliable sources for determining where section 364 notice may be directed." (*Derderian v. Dietrick*, *supra*, 56 Cal.App.4th at p. 900.)  This discussion clearly acknowledges that it is reasonable to assume a physician will receive notice if the notice is mailed to an address the physician has identified as an

7

address where he or she could reliably be contacted at for professional purposes. Thus, we conclude the Act does not limit the mailing of a notice of intent to a physician's residence and allows a party to mail it to the address a physician has provided to the medical board.

Because plaintiffs mailed their notice of intent to file an action to the address defendant provided to the medical board, they took adequate steps to achieve actual notice. Accordingly, the statute of limitations to file a medical malpractice action was tolled for 90 days and plaintiffs' suit filed on January 28, 2015, was timely.[5]  (§ 364, subd. (d).)

## DISPOSITION[6]

The judgment is reversed. The matter is remanded to the trial court for further proceedings in accordance with this opinion. Plaintiffs shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

/s/

Robie, Acting P. J.

We concur:

/s/

Duarte, J.

/s/

Hoch, J.

---

[5]    Defendant argues that even if plaintiffs took adequate steps to achieve actual notice by mailing the notice of intent to the address he provided to the medical board, they still fell outside the statute of limitations period because they never provided admissible evidence showing they actually mailed the notice. In light of its ruling on the timeliness of plaintiffs' suit, the trial court did not reach this question. We decline to address it in the first instance and instead leave the issue to be resolved on remand.

[6]    Plaintiffs request for judicial notice of their opposition to defendant's motion for summary judgment is denied as moot. The record on appeal was augmented on August 2, 2017, to include the opposition.